NEWHALL *v.* ACE STEEL & FABRICATING COMPANY.

1. Corporations—Officers—Agents—Service of Process—Return of Service.

   Jurisdiction *in personam* of a corporation requires personal service upon an existing officer or representative of it and the return of service must affirmatively disclose such fact (CL 1948, § 613.29).

2. Same—Service of Process—Resident Agents—Officers—Statutes.

   Provision of statute continuing the agency of a corporation's duly-appointed resident agent for the purpose of service of process until the filing of a certificate of change of resident agent but noninclusion of a similar provision as to officers, directors, trustees or other agents or the registered office, leads to the construction that service upon the officers, directors or other agents must be those who presently occupy such relation at time service is made and not such as were formerly so connected (CL 1948, § 613.29).

3. Same—Service of Process—Chancery Foreclosure—Officers.

   Service of process in chancery foreclosure proceeding upon a person who was described as the last known secretary-treasurer of defendant corporation did not confer jurisdiction over the corporation, where the individual did not occupy such relation at the time service of process was made (CL 1948, § 613.29).

References for Points in Headnotes
[1] 42 Am Jur, Process §§ 107. 108.
[2, 3] 42 Am Jur, Process §§ 108, 109.

Appeal from Oakland; Doty (Frank L.), J. Submitted April 15, 1958. (Docket No. 71, Calendar No. 47,507.) Decided June 11, 1958.

Bill by Elbridge G. Newhall, Jr., and Florence L. Newhall against Ace Steel & Fabricating Company, a Michigan corporation, to foreclose land contract. Motion to set aside default and quash service denied and decree entered. Defendant appeals. Reversed and remanded.

*Patterson & Patterson and Barrett,* for plaintiffs.

*Irwin I. Cohn (John Sklar,* of counsel), for defendant.

KAVANAGH, J. Plaintiff filed a bill of complaint in the Oakland county circuit court on March 7, 1957, praying for a chancery foreclosure of a land contract entered into between plaintiffs-appellees as vendors and the defendant-appellant as vendee. Summons issued March 7, 1957, returnable May 7, 1957. On April 25, 1957, proof of service on defendant corporation was filed by Forest E. Youngblood, deputy sheriff for Wayne county. The return of service states:

"On the 17th day of April A.D. 1957, at city of Detroit in the State of Michigan, I served the within summons, personally on Ace Steel & Fabricating Company, a Michigan corporation defendant named in said summons, by then and there, at the place and on the date above mentioned, delivering to Maurice M. Mackey, last known secretary-treas. for said above named defendant a true copy of the said summons, inscribed 'copy' and subscribed by Harry D. Wise, Jr. attorney for plaintiff, and by showing at the same time to him for the said above named defendant the said summons, with the seal of the court

impressed thereon, on which copy so served was a true copy of the underwriting on the said summons."

On May 9, 1957, an order of default was filed. On June 3, 1957, Mr. Mackey forwarded to the court and to counsel for plaintiffs an affidavit stating as follows:

"State of Michigan,
"County of Wayne—ss.

"Maurice M. Mackey, being first duly sworn, deposes and says that neither on March 7, 1957 nor any date thereafter was he an officer of Ace Steel & Fabricating Company, a Michigan corporation, nor a representative or agent of said company, nor in charge of any office of said company; and further, more particularly, that on April 17, 1957 at the time papers in the above entitled cause were left with him, he was not an officer, agent or representative of Ace Steel & Fabricating Company nor was he in charge of any office of Ace Steel & Fabricating Company nor was he an employee of Ace Steel & Fabricating Company;

"That in 1956 he was an officer of said Ace Steel & Fabricating Company but that he had resigned his office and all connection as an officer and agent of the company on October 1, 1956.

/s/ "Maurice M. Mackey."

(Oath attached.)

This affidavit was received and filed in the cause on June 4, 1957. Subsequently the matter was praeciped and noticed for hearing by plaintiffs on August 5, 1957. On August 2, 1957, defendant mailed to counsel for plaintiffs and to the clerk of the court a special appearance and motion to set aside default and quash return of service, which motion was also noticed for hearing on August 5, 1957. The grounds of the motion were as follows:

"1. Because the court did not obtain jurisdiction over the defendant herein.

"2. Because there was no valid service of process in this cause upon this defendant, or upon any authorized officer, agent or representative.

"3. Because the default herein was irregularly and improperly entered."

A supporting affidavit of I. Michael Bloch stated as follows:

"State of Michigan,
"County of Wayne—ss.

"I. Michael Bloch, being duly sworn, deposes and says:

"That he is the president of the defendant above named, and is and has at all times subsequent to 1953, been its duly designated resident agent, as more fully appears from the documents on file with the Michigan corporation and securities commission and the Wayne county clerk, which records are hereby incorporated herein and made a part of this affidavit.

"Deponent states that both in 1957 and 1956, the registered office of defendant was and is at 17129 Swift avenue, in the city of Detroit, Michigan, and prior thereto, had for 4 years been at 12401 Cloverdale avenue, in said city of Detroit.

"Deponent states that no process in this cause was served upon any officer, agent or representative of the corporation. Deponent is informed that the ostensible service of process in this cause was in fact effected elsewhere than at the office or place of business of defendant and was upon one Maurice M. Mackey at his personal office, said Mackey being a certified public accountant with his own office at 17379 Wyoming, in said city of Detroit. That said Mackey at one time had been an officer of defendant, but had resigned all office and all connection as officer, agent or representative of the defendant on October 1, 1956, and has, at no time subsequent to that date, been an officer, agent or representative of

said defendant, or authorized in any way to accept service of process for it.

/s/ "I. Michael Bloch."

(Oath attached.)

Counsel for the respective parties appeared before the lower court on August 5, 1957, and argued their respective positions. Counsel for plaintiff advised the court that he had received defendant's motion through the mail that morning, and objected to consideration thereof on the ground that he had not received the required 5-day notice of hearing. Defendant's counsel conceded that the motion did not bear the required amount of notice, offered to renotice it, if desired, but also specifically urged upon the court the necessity of determining the jurisdictional question prior to any entry of proposed default decree. The court overruled defendant's request, took proofs, and entered a default decree. Defendant next moved the court to vacate the decree of foreclosure, set aside the default, and quash the return of service. Defendant's motions were denied without opinion. From these rulings, defendant has appealed.

The sole question is whether or not a valid service of process was made upon defendant so as to confer jurisdiction on the court.

Defendant contends that Michigan statutes contemplate 3 methods of service: (1) Service upon an actual (not former) officer or representative, whether or not at the corporate office; (2) Service at the corporate office upon any person in charge thereof; (3) Substituted service by publication upon showing of nonresidence, absence, concealment, or unknown whereabouts. Attached to defendant-appellant's motion to set aside default and quash return of service is an affidavit of I. Michael Bloch, president of defendant corporation, stating that Maurice M. Mackey had resigned all connections with defendant

corporation as of October 1, 1956; that Mackey was
an accountant operating his own business; that
Mackey had no connection with said corporation
after October 1, 1956, and specifically was not an of-
ficer of the defendant corporation at the time of
service on him at his own personal office on April
17, 1957.

Plaintiffs contend that they had a right to rely on
the written annual statement filed by defendant with
the corporation and securities commission which
listed as its resident agents, officers, and directors
the names and addresses of the officers of the cor-
poration as well as the address of the registered of-
fice of the defendant appellant corporation; that
upon defendant's failure to file the record changes
in its officer's names and addresses and location of
its registered office, defendant's recorded officers
remained as officers for purposes of service of
process until the changes were made and filed with
the corporation and securities commission, as well
as the Wayne county clerk's office.

The record discloses that on October 24, 1956, de-
fendant corporation filed with the Michigan corpora-
tion and securities commission at Lansing, Michigan,
its annual report for 1956, which report disclosed
the condition of defendant corporation at the close
of business on March 31, 1956, and therein stated
that its resident agent was I. Michael Bloch, and that
the address of the registered office was 17129 Swift
avenue, Detroit 3, Michigan, and listed as secretary
and treasurer Maurice M. Mackey, and also listed
Maurice M. Mackey as a director. This report, al-
though filed October 24, 1956, was not accepted by
the Michigan corporation and securities commission
until May 7, 1957.

Plaintiffs contend that changes in the officers of a
corporation or change of registered address of office
of a corporation will not be binding upon the general

public until such time as such changes are filed with the corporation and securities commission.

It is to be noted, although having nothing to do with service of summons in this case, that there are affidavits on file by deputies Williams and Hudak which seem to indicate that they investigated and found that the defendant, Ace Steel & Fabricating Company, had no office in the city of Detroit. However, these affidavits also informed that I. Michael Bloch and A. Howard Bloch, officers and resident agents of defendant corporation, could be located at 1301 E. McNichols road, Detroit 3, Michigan; that they made bona fide efforts on numerous occasions to serve the defendant company (the affidavits do not disclose what they desired to serve), but the same had not been accomplished. The affidavits further disclose that they were informed at 1301 E. McNichols road, which is the address of the same building known as 17129 Swift avenue, Detroit 3, Michigan (McNichols road and Swift avenue intersect at this address), that the officers, agents, and employees of the company were out of town, and at no time were they able to gain access to any officers, agents, or employees of the company.

Service of process upon corporations in Michigan is controlled by statute:

"Process issued from any court of record against a corporation, partnership association or unincorporated voluntary association, may be served upon any officer, director, trustee or agent thereof, or by leaving same during regular office hours at the office of such corporation, partnership association or unincorporated voluntary association, with any person in charge thereof: Provided, That when any corporation shall appoint a resident agent and file a certificate of such appointment as by law required, such resident agent shall continue to be an agent for the service of process until a certificate of change of

resident agent shall be filed with the secretary of State as by law required: And provided further, That if any corporation shall fail to appoint and maintain a resident agent and file a certificate of such appointment as by law required, such process may be served on the secretary of State. Except as otherwise provided in this act, all general or special laws relating to the service of process upon corporations are hereby repealed." (CL 1948, § 613.29 [Stat Ann § 27.759].)

No claim is made that Wayne county deputy sheriff Forest E. Youngblood, who made the return of service on Mr. Mackey at his personal office on Wyoming avenue in the city of Detroit, made any attempt or had any difficulty in serving an actual officer or employee of the company at its office. In fact, no evidence is introduced to show that any attempt was made to serve any actual officer at the registered office by said deputy sheriff.

The return of the deputy sheriff shows that the officer knew when he made service on Mackey that there was some question as to whether Mackey was an officer of the defendant corporation in that on the return he used the words: "last known secretary-treas. for said above named defendant."

Jurisdiction *in personam* requires personal service upon an existing officer or representative of a corporation, and the return of service must affirmatively disclose this fact. *Merrill* v. *Montgomery*, 25 Mich 73.

It is further to be noted that the service of process statute makes provision for continuation of a resident agent for the service of process until a certificate of change of resident agent shall be filed. It is significant that the legislature did not provide similarly with reference to officers, directors, trustees, or agents thereof. The old maxim used in the construction of statutes, *expressio unius est exclusio*

*alterius* (the mention of one excludes others), would certainly lead one to the conclusion that if the legislature intended to provide for officers, agents, trustees, and directors in the same fashion as resident agents they could have easily mentioned it.

This Court had a similar return of service of process before it in the case of *Bruun* v. *Hansen,* 281 Mich 362, where the return indicated service upon T. E. Douglas Company, the owner, by then and there delivering to Marius Hanson, the secretary and treasurer of said T. E. Douglas Company, when, in fact, Marius Hanson was not the secretary or treasurer of the T. E. Douglas Company, and had not been such officer for approximately 3 weeks. The Court there said (p 365):

"The service of notice to redeem was not made upon anyone who at the time represented the company in any capacity. It was not such service as is authorized by the statute    *    *    *    and was wholly ineffective."

The trial court held in *Bruun* v. *Hansen, supra,* that plaintiff was estopped to deny that Marius Hanson was the secretary and treasurer of the company since the Douglas Company did not file with the secretary of State a notice that its principal office had been changed from Grayling, Michigan, to Bay City, Michigan; and that the last annual report filed listed Marius Hanson as secretary and treasurer. This is exactly the same argument given by plaintiffs appellees in the case before this Court. In *Bruun* v. *Hansen* the Court then went on to say (pp 365, 366):

"The failure to file with the secretary of State notice of change of the corporation's principal office had no material bearing upon the legality of the service upon Hanson; nor did the fact that in the last annual report (1930) to the secretary of State, Hanson was stated to be the secretary-treasurer. This statement

was then true. We discover no facts in the record sustaining the trial court's finding of estoppel."

Justice NORTH continued (p 366):

"Service of process upon one who has ceased to be an officer of a corporation was held invalid in *Lushington* v. *Seattle Auto & Driving Club,* 60 Wash 546 (111 P 785)."

In the case of *Watkins* v. *Wayne Circuit Judge,* 247 Mich 237, 239, this Court said:

"The return of the officer does not show that Mr. Atkins was an officer, director, trustee, or agent of the defendant corporation, nor was any such showing made in the case. The service, therefore, did not bring the corporation defendant into court."

The Court in the above case cited *Kirby Carpenter Co.* v. *Trombley,* 101 Mich 447; and *Hoben* v. *Citizens' Telephone Co.,* 176 Mich 596.

In the instant case statutory service was not made, and the representation of last known secretary-treasurer did not confer jurisdiction.

In the case of *McCain* v. *Wayne Circuit Judge,* 187 Mich 73, the Court held that in order to confer jurisdiction on the court to enter a default judgment the return of service of a writ of garnishment issued against a corporation garnishee must show that the agent or officer upon whom the process was served was a proper agent or official upon whom service might legally be made, and in the absence of such a return no jurisdiction was conferred on the court to enter a default judgment.

In the case of *Flewelling* v. *Prima Oil Co.,* 291 Mich 281, this Court held that a corporation which has abandoned and failed to maintain its registered office is not subject to service of process anywhere in the State, and set aside a default which was irreg-

ularly entered for the reason that no valid service had been had upon the company.

In *Lushington* v. *Seattle Auto & Driving Club,* above quoted in the *Bruun Case,* the Washington court said:

"The failure of a corporation to file a list of its officers in the office of the county auditor as required * * * would not justify service of summons upon one whose official connection with the corporation had then ceased, in absence of express provision authorizing it." (Pacific Reporter, syllabus 5.)

In *Security Investors Realty Co.* v. *Superior Court of Los Angeles,* 101 Cal App 450 (281 P 709), the court declared service of summons and complaint on one who had resigned was the same as if made upon a stranger.

No valid service as required by the statute was made. Defendant's motion to vacate the decree of foreclosure, set aside the default, and quash return of service should have been granted. The order denying said motion is hereby reversed, and the case is remanded to the circuit court for entry of an order in accordance with this opinion. Costs in favor of defendant-appellant.

DETHMERS, C. J., and CARR, KELLY, SMITH, BLACK, EDWARDS, and VOELKER, JJ., concurred.