JAKUBOWSKI *v.* GOEBEL BREWING COMPANY.

CORPORATIONS—FOREIGN CORPORATIONS—SERVICE OF PROCESS—TERMINATION OF CONTRACT WITH AGENT.
>   Service of process upon former resident agent of foreign corporation after agency contract had expired *held*, insufficient, where service was not in accordance with statutory provisions in effect at time service was made (CL 1948, § 613.29).

Appeal from Wayne; Wise (John M.), J. Submitted October 8, 1963. (Calendar No. 6, Docket No. 50,049.) Decided November 4, 1963.

Case by John Jakubowski against Goebel Brewing Company, a Michigan corporation, Benson Manufacturing Company, a Missouri corporation, and various others for personal injuries received in explosion of beer keg. From denial of motion to quash service of process on Benson Manufacturing Company, it appeals. Reversed and remanded for entry of order quashing service of summons.

*Miller, Canfield, Paddock & Stone (George E. Bushnell, Jr., and Richard A. Jones,* of counsel), for defendant Benson Manufacturing Company.

PER CURIAM. This is an appeal from an order dismissing a motion to quash service of summons. The

REFERENCES FOR POINTS IN HEADNOTE
42 Am Jur, Process §§ 107–109.
Who, other than public official, may be served with process in action against foreign corporation doing business in State. 113 ALR 9.

Benson Manufacturing Company, a Missouri corporation, was named as a defendant in a negligence action arising out of the explosion of an aluminum beer keg in a meeting hall in Detroit. Service of process has been acknowledged by all defendants except appellant, the alleged manufacturer of the keg, who has never been admitted to do business in Michigan.

Return of service of process was filed on December 9, 1960, alleging service had been made upon appellant by service upon Miss Doris Perron on November 18, 1960. At the time of such service, Miss Perron was employed as a secretary at the Detroit office of the Reynolds Metals Company. On February 25, 1961, a second return of service was filed indicating that service was made upon appellant by serving one George Mullin on November 25, 1960. At the time of this service, Mr. Mullin held the position of assistant secretary of the Corporation Company, the resident agent of Reynolds Metals Company.

Appellant entered a special appearance on January 19, 1961, and moved to quash the purported service. Written interrogatories were submitted by plaintiff to appellant and after considering such interrogatories and answers thereto, the trial court denied the motion to quash.

It is uncontroverted that in approximately 1948 a contract was entered into between appellant and Reynolds Metals Company by which the latter solicited sales for the appellant's product in Michigan. This contract was superseded in December, 1951, by a similar contract between appellant and Reynolds Sales Company. These contracts indicate that an agency relationship existed between appellant and the Reynolds companies until the termination of the contract with Reynolds Sales on June 1, 1960.

Service of process in the case at bar occurred several months after the agency relationship be-

tween appellant and Reynolds had terminated. In the absence of such agency relationship, service of process presently in dispute was not in accordance with the laws in effect at the time. CL 1948, § 613.29 (Stat Ann § 27.759).*   Also see *Newhall* v. *Ace Steel & Fabricating Company,* 352 Mich 528.

Defendant's motion to quash service of summons should have been granted. The order denying said motion is hereby reversed and the case is remanded to the circuit court for entry of an order in accordance with this opinion. Costs to appellant.

Carr, C. J., and Dethmers, Kelly, Black, Kavanagh, Souris, Smith, and O'Hara, JJ., concurred.

---

* See, however, new rules which became effective January 1, 1963, GCR 1963, 105.4; CLS 1961, § 600.1920 (Stat Ann 1962 Rev § 27A.1920).