VILLAMOR *v.* PREMIER INSURANCE COMPANY.

1. TRIAL—ASSIGNMENT OF CASES—REASSIGNMENT.
   The presiding judge may reassign a case from one judge to another when the first judge is unavailable for good cause (GCR 1963, 925.2[3]).

2. PLEADING—AMENDMENT—COURT RULE.
   Leave to amend pleadings shall be freely granted when justice so requires (GCR 1963, 118.1).

3. SAME—AMENDMENT—NEW DEFENSES—DISCRETION.
   Permission to add a new defense by amendment of pleadings is within the discretion of the trial court, and an appellate court will not reverse unless there is showing of an abuse of discretion.

4. SAME—AMENDMENT—WAIVER OF DEFENSE.
   Failure to plead a policy time limitation in the first responsive pleading in action brought on an insurance policy does not constitute an absolute waiver of that defense; therefore it was not an abuse of discretion for the trial court to allow an amendment to the pleadings that raised the defense.

5. INSURANCE—ACTION ON POLICY—LIMITATION PERIOD.
   The 12-month limitation period on actions brought on insurance policies is fundamentally statutory (CLS 1961, § 500.2382).

6. SAME—ACTION ON POLICY—LIMITATION PERIOD—WAIVER OF DEFENSE.
   Insurer's unequivocal denial of liability on a policy cannot be interpreted as lulling plaintiffs into a belief that a claim on

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 53 Am Jur, Trial §§ 5, 7.
[2] 41 Am Jur, Pleading § 291 *et seq.*
[3] 41 Am Jur, Pleading § 304.
[4] 41 Am Jur, Pleading § 311.
[5] 29A Am Jur, Insurance § 1789.
[6] 29A Am Jur, Insurance § 1791.

the policy would be considered and therefore cannot estop the insurer from pleading a short contractual period of limitations in an action on the policy brought after the period stipulated in the policy had expired.

Appeal from Wayne, Martin (George T.), J. Submitted Division 1 May 7, 1968, at Detroit. (Docket No. 3,771.) Decided August 27, 1968. Rehearing denied November 14, 1968. Leave to appeal denied March 26, 1969. 381 Mich 813.

Complaint by Roman Villamor and Josephine Villamor, his wife, against Premier Insurance Company, a California corporation, to recover on a homeowners' insurance policy. Summary judgment for defendant. Plaintiffs appeal. Affirmed.

*Abraham Satovsky,* for plaintiffs.

*Sugar, Schwartz & Silver,* for defendant.

Burns, J. Plaintiffs appeal from a judgment entered upon defendant's motion for summary judgment. Plaintiffs had a $13,000 homeowners' insurance policy with the defendant. The policy contained extended coverage provisions which included loss resulting from vandalism, malicious mischief and actual physical contact by a land vehicle. It also provided that action on the policy was to be instituted within 12 months after the inception of the loss.

In June, 1963, an excavator's equipment operating on the adjacent property caused vibrations which damaged plaintiffs' property. The plaintiffs notified the defendant of the damage, but they were told that the damage was not covered by the policy. Thereupon plaintiffs commenced a civil action against the excavator, owner of the adjacent prop-

erty and contractor in charge of the construction. The defendant declined to join in the action and again asserted that it was not liable under the policy.

On January 13, 1965, plaintiffs commenced the present action. Defendant's answer denied liability but did not assert any special or affirmative defenses. On May 5, 1965, plaintiffs settled their case for $3,000 against the excavator, owner, and contractor, and signed a release. However, plaintiffs continued to pursue their case against the defendant and it was assigned to Judge George E. Bowles, Wayne county circuit judge. In April, 1966, Judge Bowles denied a motion for a summary judgment based upon grounds not related to this appeal, but in his opinion on this matter he also approved an amendment to plaintiffs' complaint.

Defendant's answer to the amended complaint included affirmative defenses which were not connected with the substance of plaintiffs' amendment. The remainder of this opinion will primarily concern itself with only one of those affirmative defenses. For the first time—15 months after the commencement of this action—defendant claimed that plaintiffs had failed to institute their action within the time limitation specified in the contract, *i.e.*, 12 months. Defendant's request to amend and to allege such a claim was granted by Judge Bowles.

Shortly thereafter the case was reassigned to Judge George Martin because Judge Bowles was charged with the duty of conducting an extensive grand jury investigation. Judge Bowles' unavailability was for good cause, and therefore the presiding judge had the authority to reassign the case. See GCR 1963, 925.2(3).

Defendant filed another motion for summary judgment in which it claimed, among other things, that

defendant was entitled to summary judgment as a matter of law because action was not timely instituted. Judge Martin granted the motion and plaintiffs appeal.

Plaintiffs argue that Judge Bowles should not have permitted the defendant to amend its answer, thereby injecting the issue of time limitation into the case. GCR 1963, 118.1 provides that leave to amend pleadings "shall be freely given when justice so requires." Permission to add a new defense by amendment is within the discretion of the trial court, and an appellate court will not reverse unless there is a showing of an abuse of discretion. *Ripley* v. *Davis* (1866), 15 Mich 75; *Sweeney* v. *Travelers' Insurance Company* (1917), 199 Mich 584; and *Martinson* v. *City of Alpena* (1950), 328 Mich 595.

GCR 1963, 111.3 provides:

"If a pleading sets forth a claim for relief to which a responsive pleading is not required, any defense to that claim may be asserted at the trial. Otherwise, all defenses not asserted in the responsive pleading or by motion as herein provided are waived, except the following:

"(1) lack of jurisdiction over the subject matter of the action,

"(2) failure to state a claim upon which relief can be granted,

"and

"(3) **failure to state a valid defense to a claim.**"

In our opinion the third exception serves to affirm Judge Bowles' decision. It expresses a penchant to preserve all defenses which, if proven, would help terminate litigation. Failure to plead the time limitation provision of the policy in the first responsive pleading did not constitute an absolute waiver of the defense. Judge Bowles did not abuse his discretion in allowing the amendment.

The 12-month limitation set forth in the insurance policy is fundamentally a statutory provision. CLS 1961, § 500.2832 (Stat Ann 1957 Rev § 24.12832). Such a limitation has been held to be an effective bar to tardy insurance claims although there have been exceptions where the Court has ruled that a company waived or is estopped from raising the question of limitations by negotiating with the policyholder while the time period expired or by negotiating with the policyholder until shortly before the expiration of the time limitation. *Friedberg* v. *Insurance Company of North America* (1932), 257 Mich 291.

Plaintiffs' estoppel theory is that they were misled by the insurance agent's advice that the policy did not cover the alleged damage. Defendant's unequivocal denial of liability could in no way be interpreted as lulling the plaintiffs into a belief that a claim for this damage under the policy would be considered. If their interpretation of the insurance contract differed, they should have submitted the issue to the court within the time stipulated.

The undisputed facts of the case at hand do not disclose the existence of any exception to the time limitation provision. The trial judge was correct in granting the summary judgment.

Affirmed. Costs to appellee.

T. G. KAVANAGH, P. J., and DALTON, J., concurred.