## FULTON v CITIZENS MUTUAL INSURANCE COMPANY

1. Statutes—Courts—Effecting Purpose.
   A court will effect the obvious purpose of a statute.

2. Process—Questions—Due Process.
   Service of process questions are answered according to the dictates of due process.

3. Process—Court Rules—Noncompliance—Corporations—In Personam Jurisdiction.
   A corporation is properly subjected to in personam jurisdiction even where plaintiffs did not fully comply with the court rule for effecting service of process, where there was no showing that defendant was surprised, no slumbering by plaintiffs, no indication that evidence had been lost, and defendant had timely notice of the pending suit, so that a proper defense could be established on the merits; personal service within the state is not the only basis of personal jurisdiction (GCR 1963, 105.4).

4. Limitation of Actions—Insurance Policy Provisions—Validity.
   Provisions in policies of insurance which limit the time in which suit may be brought are valid.

5. Estoppel—Bar—Conduct Which Induces Another—Existence of Facts—Prejudice.
   Estoppel is a bar which precludes a person from denying the truth of a fact which has in contemplation of law become settled by the act of the party himself, express or implied; if one's conduct induces another to believe in the existence of

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 73 Am Jur 2d, Statutes § 342 *et seq.*
[2] 62 Am Jur 2d, Process § 27 *et seq.*
[3] 19 Am Jur 2d, Corporations §§ 1462, 1471.
[4] 44 Am Jur 2d, Insurance § 1906.
   Validity of contractual time period, shorter than statute of limitations, for bringing action. 6 ALR3d 1197.
[5] 28 Am Jur 2d, Estoppel and Waiver § 160.
[6] 51 Am Jur 2d, Limitation of Actions § 58 *et seq.*
[7] 51 Am Jur 2d, Limitation of Actions § 211.

certain facts, and the other acts thereon to his prejudice, the former is estopped to deny that the state of facts does in truth exist.

6. LIMITATION OF ACTIONS—TOLLING—FILING COMPLAINT—COURT RULES.

Filing a complaint tolls a limitation of actions period for 180 days (GCR 1963, 102.5).

7. ESTOPPEL—DEFENSES—LIMITATION OF ACTIONS—NOTICE OF ACTION —SERVICE OF PROCESS—SUBSTANTIAL COMPLIANCE—AVOIDING SERVICE.

A defendant who learns within the limitation of actions period that an action has been commenced against him, howsoever he obtains such notice, is estopped from asserting a limitation of actions defense later where the plaintiff has substantially complied within the limitations period with the requirement that service be effected or the defendant has attempted to avoid service.

Appeal from Wayne, Richard M. Maher, J. Submitted May 7, 1975, at Detroit. (Docket No. 20517.) Decided July 22, 1975.

Complaint by Purvis Fulton and Mary Lee Ricks against Citizens Mutual Insurance Company for damages for breach of a contract for repair of fire damage. An order to quash service of process, dismiss the cause, and for accelerated judgment was set aside on plaintiffs' motion. Defendant appeals by leave granted. Affirmed.

*Bacalis & Associates, P. C.* (by *James C. Klemanski),* for plaintiffs.

*Denenberg, Tuffley & Thorpe,* for defendant.

Before: V. J. BRENNAN, P. J., and McGREGOR and D. F. WALSH, JJ.

McGREGOR, J. Prior to January 16, 1972, defendant insured the contents of Mary Ricks' dwelling

against fire damage. On January 16, 1972, a fire occurred at the residence. Mary Ricks submitted proof of loss to defendant, which was rejected on March 6, 1972.

On September 27, 1972, a complaint was filed alleging fire damage to the premises and $16,200 in damages as a result of a breach of a contract for repair of the fire damage, entered into on January 18, 1972. A receptionist-switchboard operator at defendant's Southfield office accepted service of process on February 27, 1973. Six months later, on August 30, 1973, defendant filed a motion to quash service, dismiss the cause, and for accelerated judgment as to Mary Ricks, alleging:

1) Plaintiffs failed to serve a copy of the summons and complaint upon defendant within 180 days from the date of filing of the complaint, as required by GCR 1963, 102.5;

2) Service upon defendant's switchboard operator was insufficient under GCR 1963, 105.4; and

3) Suit was not commenced within 12 months after the occurrence of loss as required by the insurance policy.

Pursuant to GCR 1963, 102.5, the trial court on September 28, 1973, granted defendant's motion, quashed service of process, dismissed the cause without prejudice as to plaintiff Fulton and as to plaintiff Ricks dismissed the cause with prejudice.

On December 6, 1973, subsequent to the commencement of a second suit by the plaintiff Ricks against the attorney who signed the complaint in this cause, plaintiffs filed a motion to set aside the order to quash service of process, dismissing the cause, and for accelerated judgment. On February 27, 1974, the trial court having determined that the service of the summons and complaint described herein constituted a valid service of proc-

ess, since the defendant had actual notice of the pending cause, granted the plaintiffs' motion to set aside the order to quash service of process, to dismiss the cause, and for accelerated judgment.

Leave to appeal was granted.

At oral argument on this appeal, defendant's counsel stated that defendant had timely notice of the pending litigation, but contended that the service did not give the trial court jurisdiction, notwithstanding the surrounding circumstances.

The basic issue before us is whether plaintiffs' noncompliance with GCR 1963, 105.4 nonetheless confers in personam jurisdiction over defendant in the trial court.

In this claim of adequate notice to the defendant by plaintiff there was no showing that defendant was surprised, no slumbering by plaintiff, no indication that evidence had been lost. Defendant had timely notice so that a proper defense, if one existed, could be established on the merits. This Court has held:

> "[T]he court should effect the obvious purpose of a statute. *Northville Coach Line, Inc v Detroit,* 379 Mich 317; 150 NW2d 772 (1967); *Ford Motor Co v Village of Wayne,* 358 Mich 653; 101 NW2d 320 (1960)." *Cronin v Minster Press,* 56 Mich App 471, 477; 224 NW2d 336 (1974).

GCR 1963, 105.4 is permissive in nature. It is noteworthy that the rule fails to penalize plaintiff for noncompliance. Further, the committee notes following the rule expressly state that the underlying concept and goal of the rule is to accord the defendant notice of the pending litigation. 1 Honigman & Hawkins, Michigan Court Rules Annotated (2d ed), p 116. Thus, the question of service of process (notice) is answered according to the

dictates of due process. Here, defendant had actual knowledge of the pending suit. Any due process objection has therefore been satisfied. See *International Salt Co v Wayne County Drain Commissioner,* 367 Mich 160; 116 NW2d 328 (1962).

The language of GCR 1963, 102.5 itself is not mandatory, but permissive in context, as the introductory sentence to that rule states: "Service of process upon a corporation, whether domestic or foreign, *may* be made by * * * ". (Emphasis added.)

GCR 1963, 105.9 provides that personal jurisdiction is conferred by service of the summons and complaint in accordance with the foregoing rules. The explanation found in the committee notes following this rule reflects the intent of the authors, as found on page 116 of the permanent edition of the Michigan Court Rules Annotated:

"The key legal concept here is that service of process is to give notice. The existence of certain relationships between an entity and the state constitutes the basis upon which jurisdiction can be asserted. The important matters involved here are (1) that the person served should have the requisite ties, contacts, or relations with the state asserting jurisdiction, as required by *International Shoe Co v Washington,* 326 US 310; 66 S Ct 154; 90 L Ed 95; 161 ALR 1057 (1943), and (2) that the person served be given notice of the pendency of the action and an opportunity to defend, as required by *Milliken v Meyer,* 311 US 457; 61 S Ct 339; 85 L Ed 278; 132 ALR 1357, *rehearing denied* 312 US 712; 61 S Ct 548; 85 L Ed 1143 (1940)." 1 Honigman & Hawkins, Michigan Court Rules Annotated (2d ed), p 116.

In the instant case we have a defendant who, with knowledge of the pending lawsuit, chose to maintain silence until the expiration of the statute of limitations period and thereafter moved to

quash service and therefore avoid facing the responsibilities which are attendant to doing business within the borders of the State of Michigan.

The minimum contacts doctrine requiring that suit against the nonresident must not offend traditional standards of fair play and substantial justice sets forth the outer limits in which a state may seek to exercise jurisdiction. The doctrine, however, is irrelevant to the instant appeal, *i.e.,* this suit does not deal with whether the state may constitutionally subject a defendant corporation to in personam jurisdiction. Rather, the problem is whether plaintiffs' noncompliance with the court rule properly subjects the defendant to in personam jurisdiction within the state.

"The method provided for service of process must, of course, give reasonable assurance that actual notice and an opportunity to defend will be afforded to the corporation, in order to satisfy due process under the Fourteenth Amendment." 1 Honigman & Hawkins, Michigan Court Rules Annotated (2d ed), p 97.

While neither the author's comments or the committee notes bind this Court, they are nonetheless relevant in interpreting the statute. *Buscaino v Rhodes,* 385 Mich 474, 481; 189 NW2d 202 (1971). See also *Newhall v Ace Steel & Fabricating Co,* 352 Mich 528, 535; 90 NW2d 459 (1958).

"[S]ervice of summons and a copy of the complaint, by any means authorized by sub-rules 105.1-105.8, *shall confer personal jurisdiction over a defendant* having any of the contacts, ties, or relationships prescribed by RJA Chapter 7.

"Jurisdiction is the power to enter a binding judgment. The bases of jurisdiction are those prescribed relationships between the defendant and the state which make it constitutionally permissible for the state

to extend its judicial power over the defendant. Service of process is the means by which the defendant is given notice of the proposed exercise of such power and an opportunity to defend, according to the requirements of due process. No longer is personal service within the state, either directly upon the defendant or upon some real or fictitious agent, the *only basis* of personal jurisdiction." 1 Honigman & Hawkins, Michigan Court Rules Annotated, (2d ed), p 123. (Emphasis added.)

As to plaintiffs' contention that GCR 1963, 105.4 is permissive, a reasonable interpretation of the same dictates that while service may be effectuated by compliance with any one of the four alternatives, adherence to *one* of the same is required. See 1 Honigman & Hawkins, Michigan Court Rules Annotated (2d ed), *supra.*

We next consider the question of whether defendant's knowledge of this pending action, notwithstanding the defective service of process, estops defendant from asserting the 12-month policy limitation within which the insured must commence suit.

On the merits, defendant's actual knowledge of this action does not estop it from asserting the statute of limitations contained in the insurance policy. *Mason v Letts,* 14 Mich App 330; 165 NW2d 481 (1968), *Guastello v Citizens Mutual Insurance Co,* 11 Mich App 120; 160 NW2d 725 (1968).

Plaintiff contends that the defendant has established a systematic method of accepting service of process through its receptionist-telephone operator and has led the public in general and process servers in particular to believe that valid service is accomplished by leaving the specific documents in the possession of this agent of the defendant. There was insufficient time to conduct discovery to

determine whether the switchboard operator actually had the authority to accept service. Substantiating this allegation, however, is the fact that the defendant in the instant case was also the defendant in *Guastello, supra,* and there it was also represented by counsel that "an employee" of the company accepted service.

Policy provisions limiting the time in which suit may be brought are valid. *Bashans v Metro Mutual Insurance Co,* 369 Mich 141, 143; 119 NW2d 622 (1963), MCLA 500.2832; MSA 24.12832. However, it is arguable that ineffective service, *i.e.,* service not effected upon the statutorily defined person, will estop the insurer from asserting the limitation. In short, defendant's failure to quash service within a reasonable time and its apparently intentional failure to do so until after expiration of the 12-month limitation has effectively prejudiced and misled the insured.

"Estoppel is a bar which precludes a person from denying the truth of a fact which has in contemplation of law become settled by the act of the party himself, express or implied. If one's conduct induces another to believe in the existence of certain facts, and the other acts thereon to his prejudice, the former is estopped to deny that the state of facts does in truth exist." *Czajkowski v Lount,* 333 Mich 156, 165; 52 NW2d 642 (1952), quoting from *Detroit Savings Bank v Loveland,* 168 Mich 163, 172; 130 NW 678 (1911).

"*Dedenbach v City of Detorit,* 146 Mich 710 [110 NW 60] (1906), might be cited for the view that Michigan has rejected such possible exception to the general rule that defendant's knowledge of the pendency of suit is not a substitute for good service of process; but in *Dedenbach* the issue whether defendant's knowledge of a defective attempted service could toll the statute was not squarely decided. We need not attempt to resolve the question. Granting the possible wisdom of an exception in a case where the defendant was defectively

served before expiration of the time limitation, and in that manner gains knowledge within the limited time that an action is pending against him, such an exception should not be available to one who, as Guastello, learns that his attempted service is defective and delays for over a year before making a further effort to effect service." *Guastello, supra,* at 132.

The 12-month period began to run on January 16, 1972, the date of the fire. *Barry & Finan Lumber Co v Citizens' Insurance Co,* 136 Mich 42; 98 NW 761 (1904), *Vestevich v Liberty Mutual Insurance Co,* 47 Mich App 490; 209 NW2d 486 (1973), *Villamor v Premier Insurance Co,* 13 Mich App 30; 163 NW2d 697 (1968). The filing of the complaint tolls the 12-month limitation for the 180-day period, as provided in GCR 1963, 102.5. *Buscaino v Rhodes, supra, Krontz v Estovez,* 49 Mich App 30; 211 NW2d 213 (1973). The issue at hand is whether defendant should be estopped from asserting the stipulated limitation. Therefore, whether plaintiff has failed to achieve proper service upon defendant, as defendant contends, is irrelevant.

While in dictum, this Court agrees that the defendant's knowledge of the defective service and its failure to file a motion to quash, waiting instead until the expiration of the 12-month period, estops the company from asserting the same, this Court has ruled to the contrary. *Mason v Letts, supra.* However, sufficient reason exists to deny defendant the use of the 12-month limitation. We cite Judge (now Justice) Levin's dissent in *Conrad v Ward,* 33 Mich App 687, 695–696; 190 NW2d 361 (1971):

"The purpose of requiring both commencement of an action and service of process upon a defendant within

the statutorily-prescribed limitational periods should be deemed satisfied when (1) the plaintiff commences an action *and* (2) the defendant learns of the commencement of the action within the statutory period, howsoever he obtains such notice, whether through formal service or otherwise, *if either* the plaintiff has substantially complied within the statutory period with the requirement that service be effected *or* the defendant has attempted to avoid service."

It is conceivable that defendant, before filing its motion for accelerated judgment, waited out the balance of the statutory period, so that plaintiffs' claim would be estopped. This Court deems defendant's conduct inequitable, estopping defendant from asserting the claimed defense. *Cronin v Minster Press, supra.*

Affirmed.