HAMILTON v GORDON

Docket No. 64789. Submitted June 16, 1983, at Lansing.—Decided June 18, 1984.

Plaintiffs, Willie Hamilton, Marilyn Hamilton, and others, commenced an action in the Wayne Circuit Court against defendant, Wilder L. Gordon, for damages arising out of an automobile collision. A summons and complaint were turned over to the Wayne County Sheriff's Office to make service of process. Following seven attempts to serve the defendant at the address obtained from his operator's license at the time of the accident by a police investigator, 18461 Mark Twain, Detroit, Michigan, an order for substituted service was obtained. When no one at that address would accept service a second order for substituted service was obtained stating that plaintiffs may serve process on defendant by leaving a summons, a copy of the complaint and a copy of the order at 18461 Mark Twain at the defendant's usual place of abode with some member of his family therein residing of suitable age and discretion or some other person of suitable age or discretion or, in the alternative, that a copy of the summons, complaint and the order be tacked on the premises at the defendant's usual place of abode. It was also ordered that plaintiffs send a summons and copies of the complaint and order by registered mail and regular mail addressed to defendant at 18461 Mark Twain. Two days prior to the expiration of the 180-day period allowed for service of summons, a deputy sheriff tacked the copies as ordered on the premises at 18461 Mark Twain. Defendant found copies in his mail box at 18516 Mark Twain on the 181th day. The facts indicate that defendant had moved from 18461 Mark Twain to 18516 Mark Twain at least six months prior to the accident. Defendant thereafter moved to quash the service of process.

REFERENCES FOR POINTS IN HEADNOTES

[1] 16A Am Jur 2d, Constitutional Law § 831.
  62 Am Jur 2d, Process § 65 *et seq.*
[2] 7A Am Jur 2d, Automobiles and Highway Traffic § 14.
[3] 28 Am Jur 2d, Estoppel and Waiver § 27.
[4] 51 Am Jur 2d, Limitation of Actions § 147 *et seq.*

The trial court, Sharon Tevis Finch, J., granted the motion and entered an order accordingly. Plaintiffs appeal. *Held:*

1. Plaintiffs' efforts to obtain substituted service were justified.

2. Defendant was required by statute to change his address on his license when he changed his residence. Defendant also remained silent as to the accuracy of the information he provided to the police officer at the time of the accident. Such failure on defendant's part is clearly of an affirmative character and clearly has hindered the acquisition of information so that a right of action could be pursued. Such failure clearly has resulted in prejudice to the plaintiffs' right to seek recompense for their injuries.

The trial court improperly granted defendant's motion to quash.

Reversed.

1. PROCESS — SUBSTITUTE SERVICE — DUE PROCESS — KNOWLEDGE — COURT RULES.

Due process requires that the method of substitute service ordered by a court pursuant to the court rule regarding such service be reasonably calculated to give the defendant actual knowledge of the proceedings (GCR 1963, 105.8).

2. MOTOR VEHICLES — DRIVERS' LICENSES — CHANGES OF ADDRESS.

A licensed driver has a duty under the Michigan Vehicle Code to show his correct address on his operator's license; such duty exists even though the time may not have arrived when the license itself needs to be renewed (MCL 257.315; MSA 9.2015).

3. ESTOPPEL — EQUITY.

Estoppel is a bar which precludes a person from denying the truth of a fact which has in contemplation of law become settled by the act of the party himself, express or implied; if one's conduct induces another to believe in the existence of certain facts, and the other acts thereon to his prejudice, the former is estopped to deny that the state of facts does in truth exist.

4. LIMITATION OF ACTIONS — FRAUDULENT CONCEALMENT — TOLLING.

Fraudulent concealment, for purposes of the application of the statute regarding the tolling of a statute of limitations because of a fraudulent concealment, means employment of artifice, planned to prevent inquiry or escape investigation, and mislead or hinder acquirement of the information disclosing a right to

action; the acts relied on must be of an affirmative character and be fraudulent (MCL 600.5855; MSA 27A.5855).

*James M. Wechsler,* for plaintiffs.

*Dickinson, Mourad, Brandt, Hanlon & Becker* (by *Jeffrey Doan),* for defendant on appeal.

Before: M. J. KELLY, P.J., and SHEPHERD and R. I. COOPER,* JJ.

R. I. COOPER, J. Plaintiffs appeal from a trial court's order quashing service of process on defendant, Wilder Lee Gordon.

Plaintiffs commenced suit against defendant on May 29, 1981, for damages arising out of an automobile collision which occurred on June 12, 1978. The police investigation shows that defendant gave an address of 18461 Mark Twain, Detroit, Michigan, as did one of the other two occupants of his vehicle. Defendant was identified as a driver of one of the vehicles involved in the collision and the address was obtained from defendant's operator's license. The summons and complaint were turned over to the Wayne County Sheriff's Office to make service of process. Seven attempts were made by a deputy sheriff to serve the defendant at the address obtained from his license between the months of June through September of 1981, but without success. On November 9, 1981, plaintiffs obtained an order for substituted service. However Deputy Sheriff Randall informed plaintiffs that no one at 18461 Mark Twain would accept a copy of the complaint, summons and order for service at defendant's usual place of abode. Plaintiffs then obtained a second order for substituted service which stated that the plaintiff may serve process

* Circuit judge, sitting on the Court of Appeals by assignment.

on defendant, Wilder Lee Gordon, by leaving a summons, a copy of the complaint and a copy of the order at 18461 Mark Twain, Detroit, Michigan, at the defendant's usual place of abode with some member of his family therein residing of suitable age and discretion or some other person of suitable age and discretion or, in the alternative, that a copy of the summons, complaint and the order be tacked on the premises at the defendant's usual place of abode. It was further ordered that the plaintiffs send a summons, copy of the complaint, and copy of the order by registered mail and regular mail addressed to the defendant at his usual place of abode as set out above. On November 24, 1981, Deputy Sheriff Randall tacked a copy of the summons, complaint and order for service on the premises at 18461 Mark Twain. Said tacking of copies occurred within the 180-day period allowed for service of summons. The 180th day was November 26, 1981. The defendant admitted that he found a copy of the summons, complaint and order in his mail box at 18516 Mark Twain, Detroit, Michigan, on November 27, 1981. The trial court quashed service stating that plaintiffs had not complied with all the provisions of the November 23, 1981, order for substituted service.

This Court would agree with the trial court's conclusion that a defendant is entitled to actual notice of the proceedings.

Due process requires that the method of substitute service ordered by a court pursuant to the court rule regarding such service be reasonably calculated to give the defendant actual knowledge of the proceedings. *Sechler v VanHoey,* 83 Mich App 252; 268 NW2d 364 (1978); GCR 1963, 105.8.

The trial judge agreed that the substituted service

by posting would have been effective if it had been posted at the correct address where the defendant actually lived. However, because it was not posted at the correct address, the trial court granted defendant's motion to quash. This Court agrees with the trial court's observation as to the effect of substituted service if it had occurred at the correct address, even though the defendant in reality did not see the posting and thus have actual notice until after the 180-day period. We find no fault by plaintiffs in seeking substituted service for the reason that seven attempts had been made to serve the defendant personally during a four-month period. GCR 1963, 105.8 arguably attempts to resolve the right of a plaintiff to pursue an action and the right of a defendant to have due process.

"The requirement of notice so as to afford an opportunity to be heard is clearly the heart of GCR 105.8. The rule adopts a liberal approach to service of process which recognizes the mobility of contemporary society and the state's interest in providing recompense for injured plaintiffs." *Krueger v Williams,* 410 Mich 144, 158; 300 NW2d 910 (1981). See, also, *Conrad v Ward,* 33 Mich App 687, 690; 190 NW2d 361 (1971).

"As long as the means are 'reasonably calculated' to reach the defendant, the requirement of actual notice is satisfied and service will be sustained." *Krueger, supra,* p 159.

Having found that plaintiffs' efforts to obtain substituted service were justified, we next address plaintiffs' argument that defendant should be estopped from challenging the substituted service. Plaintiffs rely upon the following statute:

"If a person who is or may be liable for any claim fraudulently conceals the existence of the claim or the

identity of any person who is liable for the claim from the knowledge of the person entitled to sue on the claim, the action may be commenced at any time within two years after the person who is entitled to bring the action discovers, or should have discovered, the existence of the claim or the identity of the person who is liable for the claim, although the action would otherwise be barred by the period of limitations." MCL 600.5855; MSA 27A.5855.

Although the grounds asserted for estoppel are different in the case of *Fulton v Citizens Mutual Ins Co,* 62 Mich App 600; 233 NW2d 820 (1975), said case also deals with a matter of proper service and a definition of estoppel as follows:

" 'Estoppel is a bar which precludes a person from denying the truth of a fact which has in contemplation of law become settled by the act of the party himself, express or implied. If one's conduct induces another to believe in the existence of certain facts, and the other acts thereon to his prejudice, the former is estopped to deny that the state of facts does in truth exist.' *Czajkowski v Lount,* 333 Mich 156, 165; 52 NW2d 642 (1952), quoting from *Detroit Savings Bank v Loveland,* 168 Mich 163, 172; 130 NW 678 (1911)." 62 Mich App 607.

Under the Michigan Vehicle Code, the defendant has a duty to show a correct address on his operator's license. This duty exists even though the time may not have arrived when the license itself needs to be renewed. It is standard policy that a change of address is affixed to the back of a person's operator's license. The pertinent statute provides as follows:

"(a) Any operator of chauffeur, who shall change his residence previous to the expiration of a license granted under this chapter shall immediately return such li-

cense to the local examining board or the department, whose duty it shall be to write the new address on the reverse side of the license and the date of change.

"(b) Failure to have such change of address recorded as herein provided may be cause for revocation or suspension of same immediately if there is no response to a notice mailed to his last known address." MCL 257.315; MSA 9.2015.

Finally the case of *Bromley v Citizens Ins Co of America,* 113 Mich App 131, 136; 317 NW2d 318 (1982), addresses the tolling provision of MCL 600.5855; MSA 27A.5855 as follows:

"Fraudulent concealment means employment of artifice, planned to prevent inquiry or escape investigation, and mislead or hinder acquirement of the information disclosing a right to action. The acts relied on must be of an affirmative character and fraudulent." Quoting, *DeHaan v Winter,* 258 Mich 293, 296; 241 NW 923 (1932). Also, see *Draws v Levin,* 332 Mich 447; 52 NW2d 180 (1952).

The *Bromley* Court found that the representations made were nonfraudulent in that the comments relied upon pertained to settlement attempts. However, in our present case, we have a statute that requires an operator to immediately have the address on his operator's license changed where such an operator changes his residency. In our present case the defendant has admitted that he changed his residence in 1977. Yet, at least six months later, as of June 12, 1978, he had not had his operator's license changed. Further, an officer was investigating the scene of an accident. Yet the defendant remained silent as to the accuracy of the information being provided to that officer. Such failure on defendant's part is clearly of an affirmative character and clearly has hindered the

acquisition of information so that a right of action could be pursued. Said failure clearly has resulted in prejudice to the plaintiffs' rights to seek recompense for plaintiffs' alleged injuries.

We find that the trial court improperly granted defendant's motion to quash.

Reversed and remanded for further proceedings consistent with this opinion.