BROOKE *v.* BROOKE.

1. MUNICIPAL CORPORATIONS—SERVICE OF PROCESS—STATUTES.
   Statute providing that service of process upon cities "may" be made upon "mayor, city clerk or the city attorney" *held,* to render invalid service of writ of garnishment upon garnishment clerk in city treasurer's office (3 Comp. Laws 1929, § 14098, subd. 3).

2. Statutes—Construction—"May" and "Shall."

   If necessary in construing a statute, courts should construe the word "may" to mean "shall" and *vice versa* to effectuate the legislative intent.

Appeal from Wayne; George (Fred W.), J., presiding. Submitted June 7, 1935. (Docket No. 27, Calendar No. 38,086.) Decided September 9, 1935.

Garnishment proceedings by Elizabeth Brooke against John H. Brooke, principal defendant, and city of Detroit, a municipal corporation, garnishee defendant. Judgment for plaintiff. From order setting aside judgment, plaintiff appeals. Affirmed.

*George H. Heideman* (*William A. Rankin,* of counsel), for plaintiff.

*William J. Kent,* Assistant Corporation Counsel (*Raymond J. Kelly,* Corporation Counsel, of counsel), for garnishee defendant.

Bushnell, J. The sole question presented by this appeal is the construction of that portion of 3 Comp. Laws 1929, § 14098, which reads:

"In suits or proceedings against municipal and public corporations, and certain unincorporated boards, service of process *may* be made as follows:
\*   \*   \*

"(3) Against cities, upon the mayor, city clerk or the city attorney."

Is the word "may" permissive or mandatory?
Plaintiff, a judgment creditor of a city employee, after serving successive writs of garnishment on the city upon which disclosures were made, finally served "Kelly Mohan, garnishment clerk," said to be an employee of the city treasurer's office. No

disclosure having been made, plaintiff took a default judgment for $2,619.20 against garnishee defendant on July 28, 1931. A mandamus proceeding instituted July 8, 1932, to require payment of the judgment resulted in a motion by the city to vacate the judgment. Plaintiff appeals from the order granting the motion.

If the service of the writ of garnishment was void, the questions raised as to the seasonableness of the motion, estoppel, affidavit of merits, etc., need not be considered.

"The proceedings in garnishment are statutory and to the statute we must look to determine their validity." *Detroit Independent Oil Co.* v. *Miller,* 235 Mich. 191.

The word "may" in the statute quoted is unquestionably permissive as to service upon "the mayor" or "city clerk" or "city attorney." Is it mandatory, in that it excludes service of process upon all other officers and employees?

We held in *Boyle* v. *City of Detroit,* 152 Mich. 248, that service of a declaration upon a clerk in the office of the corporation counsel was a nullity "and that a defendant cannot be defaulted upon a void service of summons."

In construing a provision of the charter of the city of Menominee reading "all process against the city shall run against the city in the corporate name thereof and *may* be served by leaving a certified copy with the mayor, city clerk or city attorney," etc., we held service of declaration with rule to plead good when made upon the city clerk and the mayor. *City of Menominee* v. *Menominee Circuit Judge,* 81 Mich. 577.

"Courts have not infrequently construed the word 'may' to mean 'shall' and *vice versa.* But this

has been done to effectuate the legislative intent." *Smith* v. *School District No. 6, Amber Township,* 241 Mich. 366.

"The statute must be examined to ascertain its character and purport." *Howard* v. *Secretary of State,* 260 Mich. 568.

In the instant case, what language could logically be inserted following that reading "service of process may be made * * * against cities upon the mayor," etc.? Should it be "and no other officer or employee" or "any other officer or employee?" We think the intent was to designate those upon whom service should be made and no other. Any other construction in the light of the multitude of officers and employees required to operate a complex modern municipal government would be illogical.

The order vacating the default judgment is affirmed, with costs.

POTTER, C. J., and NELSON SHARPE, NORTH, FEAD, WIEST, BUTZEL, and EDWARD M. SHARPE, JJ., concurred.