TUCKER V EATON

Docket No. 74924. Submitted June 20, 1985, at Detroit.—Decided
December 2, 1985. Leave to appeal applied for.

On September 10, 1980, Kathleen A. Tucker, as administratrix of
the estate of Edward J. Tucker, brought an assault and battery
action in Wayne Circuit Court against Edward E. Eaton, alleg-
ing that Eaton stabbed the decedent during a bar fight on
December 16, 1978, and that the stab wounds resulted in
decedent's death on January 9, 1979. On December 16, 1980,
plaintiff filed an amended complaint adding dramshop actions
against Helen's Transportation Bar, Inc., and Jascon, Ltd.,
doing business as the Whistle Stop Bar. On January 6, 1981,
plaintiff, without seeking leave of the trial court to file an
amended complaint, filed a second amended complaint adding a
medical malpractice count and naming Detroit General Hospi-
tal as defendant. Service of process was made upon the secre-
tary to the hospital controller on January 28, 1981. In June of
1981, an order was entered permitting plaintiff to file a third
amended complaint which named Kathleen A. Tucker as plain-
tiff not only as the administratrix of the estate of Edward J.
Tucker but also individually and as next friend of Edward W.
Tucker. In the third amended complaint the hospital was not
named in the caption of the case, but the malpractice claim
was incorporated in the third amended complaint by reference
to the second amended complaint. On May 11, 1982, plaintiff's
counsel notified a member of the Detroit City Attorney's Office
that a complaint had been served upon the hospital in January,
1981, that no answer had been filed, that no discovery had been
taken and that plaintiff would stipulate to set aside the default
against the hospital if the city wished to file an answer. On

REFERENCES

Am Jur 2d, Limitation of Actions §§ 217 *et seq.*

Am Jur 2d, Municipal Corporations, Counties, and Other Political
Subdivisions § 854.

Am Jur 2d, Pleading §§ 306 *et seq.*

Am Jur 2d, Process §§ 27 *et seq.*

See the annotations in the ALR3d/4th Quick Index under Amend-
ment of Pleadings, Limitation of Actions § 3, Service of Process
and Papers.

May 13, 1982, a default was entered against the hospital. In July, 1982, copies of the second amended complaint and summons were sent to the city attorney's office. The city, thereafter, filed motions on behalf of the hospital to set aside the default, quash service of process and quash the second amended complaint. The city further moved for accelerated judgment, claiming that it had never been served with a summons and complaint as required by the court rule, that the second amended complaint was not proper because leave to file the same had not been secured, that the default should be set aside and that the period of limitation had run. The trial court, Roland L. Olzark, J., refused to set aside the default. Defendant city, on behalf of the named defendant hospital, appealed by leave granted. *Held:*

1. The trial court properly rejected the city's assertion that the default should be set aside because the court lacked in personam jurisdiction over the city because of plaintiff's failure to make proper service. While the controlling court rule provides that service on a public corporation operated by a city shall be by service upon the mayor, city clerk or city attorney, the City of Detroit is estopped from claiming defective service, since the city had established a systematic alternative method of accepting service of process involving the city operated hospital, that being service upon the hospital administrative personnel.

2. The naming of the hospital rather than the city as the defendant and the taking of the default against the hospital rather than the city constituted a mere misnomer which could properly be corrected by amendment, since the city was not prejudiced by the use of the misnomer. Accordingly, the trial court properly refused to set aside the default on the basis of the misnomer.

3. While the court rules require that amendments to a complaint subsequent to the first amended complaint be made only after securing leave to file an amended complaint from the trial court, plaintiff's failure to secure leave from the trial court before filing the second amended complaint did not render the second amended complaint fatally defective, since leave to amend should be freely given when justice so requires and the city was not prejudiced or misled by the failure of plaintiff to seek leave to amend. Accordingly, plaintiff's failure to seek leave to file the second amended complaint was not sufficient cause to require the setting aside of the default.

4. While none of the individual issues raised by the city mandated the setting aside of the default, the trial court should

have set aside the default in view of the confusion resulting from the serving of process upon the hospital rather than the city and the failure to name either the city or the hospital in the caption of the third amended complaint and in view of the fact that plaintiff at all times expressed a willingness to permit the setting aside of the default.

5. Since the naming of the hospital and the serving of process on the hospital were sufficient to confer jurisdiction over the city, and since service of process was made timely upon the hospital, the city's claim that it is entitled to accelerated judgment on the basis of the running of the statutory period of limitation was without merit.

Reversed and remanded.

1. PROCESS — MUNICIPAL CORPORATIONS — SERVICE OF PROCESS — ESTOPPEL.

Service of process upon a public quasi-municipal or governmental corporation operated by a city is to be made by leaving a summons and a copy of the complaint with the mayor, city clerk or city attorney; however, where a city has established a systematic method of accepting service of process other than service upon the mayor, city clerk or city attorney, the city will be estopped from asserting that service made in accordance with that method was improper (GCR 1963, 105.6).

2. PROCESS — MUNICIPAL CORPORATIONS — SERVICE OF PROCESS — DETROIT GENERAL HOSPITAL — ESTOPPEL.

The City of Detroit adopted a systematic method of accepting service of process for matters concerning Detroit General Hospital by service upon hospital administrative personnel rather than upon the mayor, city clerk or city attorney as required by court rule; accordingly, the City of Detroit is estopped from denying that proper service of process was made where process was served upon hospital administrative personnel rather than the city officials designated in the court rule (GCR 1963, 105.6).

3. PLEADING — AMENDMENT OF PLEADINGS — MISNOMER — LIMITATION OF ACTIONS.

Courts may amend pleadings based on a misnomer, even after the statutory period of limitation has run, where no one has been misled by the misnomer.

4. PLEADING — AMENDMENT OF PLEADINGS — LEAVE TO AMEND PLEADINGS — PREJUDICE. ·

A plaintiff must seek leave from the trial court to file a second or subsequent amended complaint; however, the failure to seek leave to file a second or subsequent amended complaint is not

fatal to the validity of that amended complaint where the failure to seek leave to amend the complaint in no way prejudiced the defendant (GCR 1963, 118.1).

*Lakin, Worsham & Victor, P.C.* (by *Larry A. Smith),* for plaintiff.

*James S. Goulding, P.C.* (by *Gregory W. Finley),* for the City of Detroit.

Before: D. E. HOLBROOK, JR., P.J., and T. M. BURNS and W. J. CAPRATHE,* JJ.

W. J. CAPRATHE, J. The City of Detroit, on behalf of Detroit General Hospital, appeals by leave granted from a Wayne County Circuit Court order denying its motion to set aside a default enterd against Detroit General Hosptial, which the city owned and operated. The city raises two issues. The first concerns the court's refusal to set aside the default. The city claims that the trial court should have set aside the default on three grounds: (1) that the court lacks personal jurisdiction over the city due to defective service, (2) that the default was not entered against the proper legal entity, and (3) that plaintiff failed to obtain leave to file the amended complaint which alleged a cause of action against the hospital. We find that the court was not required to set aside the default for any of these reasons. However, we find that the confusion plaintiff caused by serving the complaint upon the hospital rather than the city and by failing to name either the city or the hospital in the caption of the third amended complaint created an irregularity in the proceedings. This irregularity, in conjunction with plaintiff's offer to set aside the default and proceed to trial on the merits, amounts to good cause for setting aside the

---

* Circuit judge, sitting on the Court of Appeals by assignment.

default. We thus reverse the circuit court's refusal to do so.

The second issue raised by the city concerns its motion for accelerated judgment. The city claims it was entitled to accelerated judgment because the statutory period of limitation on the action against the hospital had expired at the time the hospital was served with process. We find that, since service of process was proper, the city was not entitled to accelerated judgment and, thus, we remand this case for trial on the merits.

Kathleen A. Tucker, as administratrix of the estate of Edward J. Tucker, sued defendant Edward Eckel Eaton in September of 1980 for assault and battery. Allegedly, Eaton stabbed Tucker while the two were drinking at the Whistle Stop Bar in December of 1978. Tucker died in January of 1979, following hospitalization at Detroit General Hospital.[1] Without obtaining leave of the court, plaintiff filed a second amended complaint on January 5, 1981, adding a medical malpractice claim against the hospital. A copy of the second amended complaint was served on Ella Alston, the secretary to the hospital controller, on January 28, 1981.

In June of 1981, an order was entered authorizing a third amended complaint naming Kathleen A. Tucker as plaintiff not only in her capacity as administratrix of decedent's estate, but also, individually, and as next friend of the decedent's child, Edward W. Tucker. The case caption on that complaint failed to name the hospital as one of the defendants. However, the malpractice claim against the hospital was incorporated by reference to the second amended complaint.

---

[1] In December of 1980, plaintiff filed a first amended complaint adding a dramshop claim against both Helen's Transportation Bar and the Whistle Stop Bar.

A default was entered against the hospital in May of 1982. Also in May of 1982, plaintiff's attorney mailed a letter to City of Detroit attorney Mercedes Mueckenhein, advising her that the hospital had been served in January of 1981 and no answer had been filed. Plaintiff's counsel offered to stipulate to setting aside the default entered against the hospital if the city would file an answer. In July of 1982, copies of the second amended complaint and summons were sent to the city's law department. Copies of the second amended complaint and summons were mailed to the city's present counsel in September of 1982. The city filed motions on behalf of the hospital to set aside the default, quash service of process, and quash the second amended complaint.

The lower court held two hearings, both of which were adjourned for further discovery and research. By August of 1983, when a third hearing was held, the city had filed a motion for accelerated judgment, claiming that it was never served with a summons and complaint, that no leave to amend had ever been obtained for the second amended complaint, that the default should be set aside, and that the statutory period of limitation had expired. The lower court declined to set aside the default. In light of that ruling, it did not rule on the city's other motions. Since we are remanding this case for trial, we will address all of the city's contentions to avoid further delay.

## I. Setting Aside Default

We first turn to the city's assertion that the trial court erred in refusing to set aside the default. We agree that the default should be set aside, but on grounds other than the three offered by the city.

GCR 1963, 520.4 contained the requirements for

setting aside a default. It provided, in pertinent part:

"4. Setting Aside Default. For good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 528. * * * A proceeding to set aside default or a default judgment, except when grounded on want of jurisdiction over the defendant, shall be granted only if good cause is shown and an affidavit of facts showing a meritorious defense is filed."

The city first claims that the trial court should have set aside the default on the ground that it lacked in personam jurisdiction over the city because service of process was not made in accordance with the court rule. Plaintiff counters that service on the hospital's administrative personnel was sufficient to give the court personal jurisdiction over the city because the city had an established and customary practice of accepting service which had been made upon administrative personnel at the hospital. Therefore, plaintiff argues, the trial court did not err in refusing to set aside the default on that ground. We agree with the plaintiff.

GCR 1963, 105.6 prescribed the method of service of process on cities:

"Service of process upon public, quasi-municipal, or governmental corporations, unincorporated boards, or public bodies, may be made by leaving a summons and a copy of the complaint with

* * *

"(2) the mayor, city clerk, or city attorney, in the case of cities; * * *."

In *Brooke v Brooke,* 272 Mich 627; 262 NW 426

(1935), our Supreme Court construed 1929 CL 14098 (now MCL 600.1925; MSA 27A.1925), which is the basic source statute for GCR 1963, 105.6, and held that the word "may" is permissive as to the mayor or city clerk or city attorney, but is mandatory in that it designates those upon whom service may be made and no other.[2] 272 Mich 629-630. The statute and the court rule contain identical language, *i.e.,* they both use the work "may," which, under *Brooke,* must thus be construed as mandatory.

In the instant case, a summons and complaint were served upon Ella Alston, secretary to the controller at the hospital. Thus, service was not effecutated in accordance with the court rule. We recognize that due process requires proper service of process in order to obtain in personam jurisdiction over a defendant. *Fulton v Citizens Mutual Ins Co,* 62 Mich App 600, 604; 233 NW2d 820 (1975). Nonetheless, we find that plaintiff's failure to serve the city in the manner required by the court rule was not fatal, because service in this case falls within an exception to that rule. The exception is that a defendant who has established a systematic alternative method of accepting service of process is estopped from asserting that service in accordance with that method was improper. This exception was recognized in dicta in *Fulton, supra:*

"Plaintiff contends that the defendant has established a systematic method of accepting service of process through its receptionist-telephone operator and has led the public in general and process servers in particular

---

[2] The *Brooke* Court did not face the factual situation presented in the instant case, where a systematic alternative method of service had been established. That Court utilized a rule of construction wherein the word "may" should be construed to mean "shall," and vice-versa, to effectuate legislative intent.

to believe that valid service is accomplished by leaving the specific documents in the possession of this agent of the defendant. There was insufficient time to conduct discovery to determine whether the switchboard operator actually had the authority to accept service. Substantiating this allegation, however, is the fact that the defendant in the instant case was also the defendant in *Guastello, [v Citizens Mutual Ins Co,* 11 Mich App 120; 160 NW2d 725 (1968)] and there it was also represented by counsel that 'an employee' of the company accepted service." 62 Mich App 606-607.

Plaintiff in the present case cites at least 13 instances since 1975 wherein the hospital was named as a defendant and service of process was made and accepted by administrative personnel at the hospital. Plaintiff claims that 11 of these 13 cases were defended on the merits. We also note that there was evidence in the present case that the hospital received and accepted numerous subpoenas for medical records which were served upon administrative personnel. This further buttresses plaintiff's argument that the city established a systematic alternative method of accepting service, both as to the service of summons and complaints and the service of subpoenas for medical records. Because of this established system of accepting service, we find that the city is estopped from asserting that service on administrative personnel at the hospital was improper. We thus conclude that the court had in personam jurisdiction over the city. See *Dogan v Michigan Basic Property Ins Ass'n,* 130 Mich App 313, 318; 343 NW2d 532 (1983). Thus, the court did not err in refusing to set aside the default on that ground.

The city next claims that the trial court should have set aside the default because it was not entered against the proper legal entity. Apparently the hospital, which is no longer in operation,

was not a separate corporate entity from the city, which owned and operated it. We find, however, that naming the hospital as a defendant, and subsequently entering a default against it, rather than the city, is a mere misnomer which may be corrected by amendment. *Wells v Detroit News, Inc,* 360 Mich 634, 641; 104 NW2d 767 (1960); *Bensinger v Reid,* 17 Mich App 219, 223-224; 169 NW2d 361 (1969).[3] The city has not been misled or substantially prejudiced by this misnomer, in view of the fact that it had adopted an alternative method of accepting service at the hospital and that plaintiff gave it the opportunity to set aside the default and defend on the merits. Thus, this misnomer was insufficient cause to require the court to set aside the default. The trial court shall allow amendment of the pleadings to name the proper defendant.

The city lastly claims that the trial court should have set aside the default because plaintiff's second amended complaint was rendered invalid by her failure to obtain leave of court to amend the complaint, as required by GCR 1963, 118.1. This is a question of first impression in Michigan. The city claims that plaintiff's failure to obtain leave of court to file the second amended complaint led it to believe that no suit was pending against it, as the third amended complaint, for which leave was granted, did not name either the city or the hospital in the case caption. Although plaintiff should have obtained leave to file the second amended complaint, the city has not been prejudiced or misled by this failure to do so. Thus, we find that

[3] The facts in this case are even stronger than those in *Wells,* given that in the instant case, defendant hospital and the city were not separate and distinct legal entities but, rather, were the same legal entity. In *Wells,* the Court noted that where no one has been misled in any manner by a misnomer, amendment should be permitted. 360 Mich 641.

plaintiff's failure to obtain leave to file the second amended complaint was not fatal and did not amount to good cause sufficient to require the court to set aside the default. GCR 1963, 118.1 provided that leave shall be freely given when justice so requires. In the absence of prejudice, leave to amend is a litigant's right. *Ben P Fyke & Sons, Inc v Gunter Co,* 390 Mich 649, 657-658; 213 NW2d 134 (1973). Given that the city has failed to establish prejudice which would prevent a fair trial on the merits, we uphold the validity of the second amended complaint. Leave to amend the complaint is, therefore, granted *nunc pro tunc.*

Although we reject the grounds advanced by the city, we nevertheless believe that good cause to set aside the default has been shown in the instant case. Plaintiff created a great deal of confusion by serving the city at the hospital and by failing to name either the city or the hospital in the case caption on the third amended complaint. We find that this amounted to an irregularity in the proceedings which explains the city's initial failure to answer. We do not believe plaintiff will be prejudiced by our finding that good cause was shown, as plaintiff made an offer to the city, which has never been withdrawn and which was reiterated at oral argument, to set aside the default should the city agree to defend on the merits. This also relieves the city of complying with the requirement of filing an affidavit showing a meritorious defense. Therefore, we remand this matter for trial on the merits.

## II. Accelerated Judgment

The city also asserts that it is entitled to accelerated judgment under GCR 1963, 116.1(5) because plaintiff failed to properly serve it with process

until July of 1982. Inasmuch as we have held that service on the hospital controller's secretary on January 28, 1981, was adequate to confer personal jurisdiction over the city, and as the city does not contend that proper service on that date fails to comply with the statute of limitations as extended by MCL 600.5852; MSA 27A.5852, accelerated judgment based on the expiration of the statute of limitations would have been improper.

Reversed and remanded for trial on the merits.