HUGH E. WILSON v. THE CALIFORNIA WINE COMPANY, LAWRENCE J. QUINN, WILLIAM J. CUNNINGHAM, THOMAS H. REDMOND, AND EDWARD L. IVES.

*Corporations—Service of summons—Estoppel—Judgment creditors bill—Parties.*

1. A return to a summons issued against a corporation, that the officer has served it upon the defendant in the county in which it is issued, by giving a copy to the president of the corporation, naming him, is sufficient, upon its face, to give the court jurisdiction.

2. Where an officer is directed by the attorney for the plaintiff in a suit against a corporation to serve the process upon a certain stockholder, and on doing so is informed by such stockholder that the service should be made upon another person, in which statement he is corroborated by another stockholder, who is secretary, treasurer, and general manager of the corporation, and service is made on such other person, and a return made

accordingly, said stockholders are estopped from questioning the validity of the service in a chancery suit brought against them to enforce the collection of a judgment based thereon.

3. An insolvent stockholder is not a necessary party to a bill filed to enforce a judgment against the corporation; citing *Dunston v. Hoptonic Co.*, 83 Mich. 372.

Appeal from Kent.    (Adsit, J.),    Argued February 2, 1893.    Decided March 10, 1893.

Judgment creditor's bill.    Complainant appeals.    Decree reversed, and one entered granting the relief prayed for. The facts are stated in the opinion.

*Taggart & Denison*, for complainant.

*L. E. Carroll*, for defendant Quinn.

*Henry J. Felker*, for defendant corporation, contended:

1. An officer's return may be contradicted in a court of equity, where the judgment creditor files a bill to enforce the judgment, or where a proceeding is instituted to set it aside; citing *Owens v. Ranstead*, 22 Ill. 161; *Newcomb v. Dewey*, 27 Iowa, 381; *Savings Bank v. Eldredge*, 28 Conn. 556.

2. An officer's return is not conclusive as to facts which he must learn by inquiry of others, as, for example, that the person upon whom process is served is the incumbent of a certain corporate office; citing *St. John v. Bank*, 3 Stew. (Ala.) 146; *Rowe v. Water Co.*, 10 Cal. 441; *Wilson v. Mining Co.*, Id. 445.

3. The defendant stockholders were not parties or privies to the original suit in which the return was made, and are not concluded by it from showing the real facts; citing *Nall v. Granger*, 8 Mich. 450.

LONG, J. In May, 1889, the defendants Quinn, Cunningham, Redmond, and Ives organized the California Wine Company, with a capital stock of $5,000, of which 10 per cent. only was paid in. The shares were $25 each. Quinn and Cunningham had 99 shares each, and Redmond and Ives one each.

In July, 1890, the complainant recovered a judgment for

$194.85 and $3 costs against the California Wine Company, before a justice of the peace. A transcript of the judgment was filed in the circuit court, and execution issued, and returned unsatisfied. This bill is filed asking for a receiver for the company, and that the individual defendants be compelled to pay up their subscriptions so far as necessary to pay the debts. Proofs were taken in open court, and the bill dismissed, for the reason that the summons in justice's court was not properly served.

The return was signed by the constable, and reads:

"I hereby certify that I have served the within-named defendant, California Wine Company, in the county of Kent, by giving a copy to James Quinn, president of said company, on the 7th day of July, 1890."

It is not contended but that the return, upon its face, showed the service sufficient to give the justice jurisdiction; but in the present proceeding, under this bill, testimony was introduced to show that James Quinn was not the president of the company at the time of the service of the summons upon him. It is conceded by complainant's counsel that the testimony may have this tendency; but claim is made that the defendants are estopped from now making that claim.

It appears that, at the time the summons was issued, plaintiff's attorney therein directed the officer to serve the summons on Lawrence J. Quinn. The constable had had other summonses to serve in their matters, and advised the plaintiff's attorney that he thought the service should be made upon James Quinn, but was fully instructed, notwithstanding that, by plaintiff's attorney, to serve the summons upon Lawrence J. Quinn, and, following that direction, he did make such service. The officer testified that, when he delivered the copy of the summons to Lawrence J. Quinn, he was told by him that he had nothing to do with the matter; that James Quinn was the man inter-

ested in the California Wine Company, and the summons should be delivered to him. The constable accordingly made another copy, and served it on James Quinn, and made his return in accordance with that fact. The officer further testified that defendant Cunningham told him that James Quinn was the person to be served with that summons. Defendant Cunningham at that time was the secretary, treasurer, and general manager of the company. Clearly, a more complete estoppel in fact could not be shown, and the testimony of the officer stands upon the record wholly uncontradicted. The court below was therefore in error in holding that the summons was not properly served. It was regular upon its face, and showed jurisdiction in the justice, and the defendants cannot be heard in this proceeding to set up that James Quinn was not president of the company at that time.[1]

It is contended, further, that James Quinn was a necessary party to the bill. It appeared upon the hearing that he had no property out of which debts could be collected. It is undoubtedly true that the other defendants would have the right to have all the solvent stockholders made parties defendant under the rule in *Dunston v. Hoptonic Co.*, 83 Mich. 372, but it does not appear in the present proceeding that James Quinn has any property out of which the debts could be paid, or that he could be compelled to contribute to the company. In addition to this fact, the only evidence upon the record showing or tending to show that James Quinn was ever a stockholder was the fact of the service upon him of the summons, as president of the company.

Several other questions are raised by counsel for defendants, but we do not think a discussion of them necessary, and they are overruled.

The decree of the court below, dismissing complainant's

---

[1] Defendants Ives and Redmond did not appear,

bill, will be reversed, and decree entered here in accordance with the prayer of the bill.

The other Justices concurred.