BORG v. THOMAS.

1. PLEADING—COURT RULES—REPLIES TO CROSS DECLARATIONS.
  Provision of court rule requiring replies to answers and answers to cross bills to be filed and served within 15 days after service of a copy of the answer or cross bill is construed to apply equally to answers to cross declarations (Court Rule No 27, § 4 [1945]).

2. SAME—DEFAULT—FAILURE TO ANSWER CROSS DECLARATION—TIME.
  The cross plaintiff may take the cross declaration as confessed by filing an affidavit showing cross defendant's failure to

REFERENCES FOR POINTS IN HEADNOTES
[2]  31 Am Jur, Judgments § 507.
[3]  3 Am Jur, Appearance § 30.
[4]  31 Am Jur, Judgments § 515.

answer it and the manner of service on him, where the· cross defendant has failed to answer within the time provided by law or court rule (CL 1948, § 620.1; Court Rule No 28, §§ 1, 3 [1945]).

3. APPEARANCE—NOTICE.
   A party who has appeared in an action is entitled to notice of all future proceedings in the cause (Court Rule No 8, § 7 [1945]).

4. JUDGMENT—DEFAULT—PROOF OF SERVICE OF CROSS DECLARATION.
   The defendants' entry of plaintiff's default as to their cross declaration was irregular, where at the time of such entry the files did not contain proper proof of service of such cross declaration upon plaintiff or his attorney (CL 1948, § 620.1; Court Rules No 27, § 4; No 28, §§ 1, 3 [1945]).

Appeal from Oakland; Doty (Frank L.), J. Submitted December 29, 1953. (Calendar No. 46,003.) Decided February 18, 1954.

Action by John Borg, doing business as Borg Heating, against Helen Thomas and Cornelius Thomas for labor and materials on installation of heating units. Cross declaration by defendants for breach of warranty. Default judgment for defendants. Plaintiff appeals. Default set aside and judgment vacated.

*Balfour Peisner,* for plaintiff.

*Hutson, Merritt & Petermann (Maurice A. Merritt,* of counsel), for defendants.

DETHMERS, J. Plaintiff's appeal, on leave granted and in the nature of mandamus, is from an order denying his motion to set aside a default judgment entered against him on defendants' cross declaration. ---The order of default filed by defendants recites that their cross declaration is taken as confessed by plaintiff for failure to answer the same within 15

days after receipt thereof by his attorney. The record and file contain no proof of service of defendants' cross declaration or of notice of proceedings to take the default or of any other proceedings on plaintiff, his attorney, or anyone else. This was urged on the trial court, as on appeal here, as grounds for setting aside the default.

Michigan Court Rule No 27, § 4 (1945), requires replies to answers and answers to cross bills to be filed and served within 15 days after service of a copy of the answer or cross bill on plaintiff. This must be considered to apply equally to answers to cross declarations.

Court Rule No 28, § 1 (1945), provides that if either party fails to file and serve any pleading within the time limited by the rules, the opposite party may file or enter a default. Section 3 of that rule provides that, if cross defendant has failed to answer, the cross plaintiff may take the cross declaration as confessed by filing an affidavit showing cross defendant's failure to answer it and the manner of service thereof on him.

CL 1948, § 620.1 (Stat Ann § 27.1351), provides that upon due proof of service of any declaration or process requiring an appearance, answer or plea, a default may be filed or entered for want thereof within the time provided by law or rule of court.

Court Rule No 8, § 7 (1945), provides that a party who has appeared shall be entitled to notice of all future proceedings in the cause.

The record fails to disclose compliance by defendants with the noted requirements of the rules and statute prerequisite to taking a default.

In *Dades* v. *Central Mutual Auto Insurance Co.,* 263 Mich 260, 262, this Court said:

"We have repeatedly held that unless the files of the court disclose proper proof of service of process

a default entered is irregular; and the test is the condition of the file 'on the day of default.' This is true notwithstanding service has been actually and lawfully made. *Whirl* v. *Reiner,* 229 Mich 114. To the same effect as being controlling in the instant case, see *Stanczuk* v. *Pfent,* 231 Mich 689; *Westlawn Cemetery Ass'n* v. *Wayne Circuit Judge,* 238 Mich 119; *Standard Oil Co.* v. *Brukwinski,* 242 Mich 49."

The quoted language relating to proof of service of process on a defendant applies with equal force to the necessity for proof in the file of service of defendants' cross declaration on plaintiff or his attorney before it may be taken as confessed for failure to answer. The judgment must be vacated, the default set aside and plaintiff permitted to plead and proceed to trial on the merits. If necessary, the writ will issue. Costs to plaintiff.

BUTZEL, C. J., and CARR, BUSHNELL, SHARPE, BOYLES, and REID, JJ., concurred.

KELLY, J., took no part in the decision of this case.