THOMAS v THOMAS

1. JUDGMENT—DEFAULT JUDGMENT—SERVICE OF PROCESS—PROOF OF
   SERVICE—VALIDITY OF SERVICE—COURT RULES.

   Failure to make proof of service does not affect the validity of the
   service; therefore, proof of service on the record is no longer a
   prerequisite to the entry of a valid default judgment (GCR
   1963, 104[2], 520).

2. JUDGMENT—DEFAULT JUDGMENT—SERVICE OF PROCESS—COURT
   RULES.

   Valid entry of a default judgment requires service of process
   upon the defendant either personally or by publication (GCR
   1963, 105, 106).

3. DIVORCE—JUDGMENT—DEFAULT JUDGMENT—SERVICE OF PROCESS—
   PROOF OF SERVICE.

   A default judgment of divorce should not be set aside on the basis
   that there is no proof of service in the court file where the
   defendant was actually served with a copy of the original
   complaint for divorce.

4. COURTS—NO PROGRESS DOCKET—REINSTATEMENT OF CASE—NOTICE
   TO PARTIES.

   There is no requirement that notice be given to the parties where
   their case has been reinstated from the court's no-progress
   docket.

Appeal from Macomb, Hunter D. Stair, J. Sub-
mitted January 3, 1978, at Detroit. (Docket No. 77-
1468.) Decided February 23, 1978.

Complaint by Neil A. Thomas against Sherrill L.
Thomas for divorce. Default judgment of divorce

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 47 Am Jur 2d, Judgments § 1174.
[3] 24 Am Jur 2d, Divorce and Separation § 437.
[4] 75 Am Jur 2d, Trial § 27.

granted to plaintiff. Defendant moved to have default judgment set aside. Motions denied. Defendant appeals. Affirmed.

*Brian M. Smith & Associates, P. C.* (by *Matt W. Zeigler),* for defendant.

Before: BASHARA, P. J., and J. H. GILLIS and N. J. KAUFMAN, JJ.

J. H. GILLIS, J. On February 23, 1976, a default judgment of divorce was entered against defendant in Macomb County Circuit Court. Plaintiff was granted custody of the children and was not required to pay alimony to defendant.

On September 30, 1976, defendant moved to have the default judgment set aside on two grounds, 1) that no proof of service of the original complaint appeared in the court file, and 2) defendant had not been notified of the dismissal and reinstatement of the case. The trial court denied the motion. Defendant subsequently filed another motion based upon similar grounds which was also denied.

Defendant now appeals claiming error on the part of the trial court in refusing to grant the motion.

Defendant first contends that the default judgment must be set aside in that no proof of service of the original divorce complaint appears in the court file. Defendant, while admitting that she was actually served with a copy of the divorce complaint, claims that regardless of whether service has actually been made, a default judgment is void unless proof of service has been filed with the court before the default is taken. In support of this proposition, defendant cites *Borg v Thomas,* 338 Mich 669, 671, 672; 62 NW2d 466 (1954):

"In *Dades v Central Mutual Auto Insurance Co,* 263 Mich 260, 262 [248 NW 616 (1933)], this Court said:

" 'We have repeatedly held that unless the files of the court disclose proper proof of service of process a default entered is irregular; and the test is the condition of the file "on the day of default." This is true notwithstanding service has been actually and lawfully made.' "

Defendant fails to note that the statute underlying *Borg, supra,* and similar cases has been repealed by the Revised Judicature Act of 1961, MCLA 600.101 *et seq.;* MSA 27A.101 *et seq.* The repealed statute did in fact require "due proof of service" before a default could be entered. However, under the new court rules, the taking of a default judgment is governed by GCR 1963, 520, which contains no such limitation. Furthermore, GCR 1963, 104(2) specifically states that:

"Failure to make proof of service does not affect the validity of the service."

The combination of these two rules indicates that proof of service is no longer a prerequisite to the entry of a valid default judgment.

"Thus, default may now be entered without meeting a formal prerequisite of proof of service on the record. This does not mean, however, that a default may be validly entered when there has been no service of process upon the defendant either personally or by publication, as prescribed by Rules 105 and 106. The validity of the default and the default judgment must ultimately turn upon the fact of due service of process. If there is a motion to set aside the default or the default judgment or if there is a collateral attack upon the default judgment, the facts constituting due service of process will have to be shown." 2 Honigman & Hawkins, Michigan Court Rules Annotated (2d ed), p 657.

Accordingly, since defendant was actually served with a copy of the original divorce complaint,[1] the fact that no proof of service appears in the court file does not constitute a basis on which to set the default judgment aside.

Defendant next contends that she did not receive notice that the case had been dismissed and then reinstated, therefore, the default judgment must be set aside.

A careful review of the record reveals that the case was never dismissed. Instead, it was transferred to the "no progress" docket since no "steps or proceedings" were taken in respect to the matter for over one year. GCR 1963, 502.4.

Since the case was reinstated from the "no progress" docket, there is no requirement that notice be given to the parties.[2]

The other issues raised on appeal do not merit discussion by this Court.

Accordingly, the trial court's order denying defendant's motion to set aside the default judgment is affirmed. Costs to appellee.

---

[1] Defendant admitted to actually being served with a copy of the original divorce complaint.

[2] *See,* 2 Honigman & Hawkins, Michigan Court Rules Annotated (2d ed), p 312, interpreting Wayne County Court Rules.