DOGAN v MICHIGAN BASIC PROPERTY INSURANCE
ASSOCIATION

Docket No. 67034. Submitted June 23, 1983, at Detroit.—Decided
November 7, 1983.

The Michigan Basic Property Insurance Association insured a
residence in Detroit owned by Martha Dogan. The premises
was damaged by fire and, after the insurer denied Dogan's
claim, Dogan brought an action against the insurer claiming
breach of contract and bad faith. Process was served on an
employee of defendant who plaintiff's process server was told
was designated to accept such service. Service was also made by
certified mail. Subsequently, the Wayne Circuit Court, Thomas
Roumell, J., granted plaintiff's motion for a default judgment
and denied defendant's request to set aside the default judg-
ment and a motion for rehearing. Defendant appealed, alleging
that service of process was improper, thereby depriving the
trial court of jurisdiction to enter the default judgment, that
the defective service prevented the allegations in the complaint
from serving as a basis for entry of the default judgment, and
that the trial court abused its discretion in refusing to set aside
the default judgment. *Held:*

1. The court rules require that service of process on a
defendant insurance company must be made upon a director,
trustee, or person in charge of the defendant's office, and the
defendant herein claims that service was defective because the
person served was none of these. However, because the plaintiff

REFERENCES FOR POINTS IN HEADNOTES

[1] 19 Am Jur 2d, Corporations § 1462 *et seq.*
    62 Am Jur 2d, Process § 27 *et seq.*
[2] 62 Am Jur 2d, Process § 27 *et seq.*
[3] 47 Am Jur 2d, Judgments § 1174.
[4, 5] 46 Am Jur 2d, Judgments §§ 739, 740, 776.
[5] 4 Am Jur 2d, Appeal and Error § 127.
    47 Am Jur 2d, Judgments §§ 1158, 1180.
[6] 46 Am Jur 2d, Judgments § 708.

What constitutes "good cause" allowing federal court to relieve
    party of his default under Rule 55(c), of Federal Rules of Civil
    Procedure. 29 ALR Fed 7.

detrimentally relied on the representation that the person served was authorized to accept service, the defendant is estopped from raising the defense of improper service.

2. A formal proof of service is not a prerequisite to the entry of a valid default judgment.

3. Because defendant is estopped from raising the defense of improper service, its allegation that the improper service prevented the allegations in the complaint from serving as the basis for a default judgment is without merit.

4. The trial court's finding, in denying the motion to set aside the judgment, that the defendant had not shown good cause for failure to make a timely response to the summons and complaint was not improper.

Affirmed.

1. PROCESS — COURT RULES — SERVICE OF PROCESS — INSURANCE COMPANIES.

Service of process on a defendant, in order to be effective, must comply with the applicable court rule; in the case of an insurance company, service of process must be made on a director, trustee, or person in charge of the company's office (GCR 1963, 105.4).

2. PROCESS — DEFENSES — SERVICE OF PROCESS — ESTOPPEL.

A defendant insurance company may be estopped from raising the defense of improper service of process where it represented to plaintiff's process server that valid service was accomplished by leaving the summons and complaint with a particular person and it can be found that the plaintiff detrimentally relied upon the validity of the service.

3. JUDGMENTS — DEFAULT JUDGMENT — PROOF OF SERVICE — COURT RULES.

A default may be entered without a formal prerequisite of proof of service on the record; however, a default may not be validly entered where there has been no service of process upon the defendant either personally or by publication; the proper basis for vacating a default judgment where service of process was defective is that the defective service deprived the court of personal jurisdiction over the defendant and, therefore, of legal authority to render a judgment (GCR 1963, 520).

4. JUDGMENTS — DEFAULT JUDGMENT — SETTING ASIDE DEFAULT — COURT RULES.

A trial court may set aside a default judgment only where good

cause is shown and an affidavit of facts showing a meritorious defense is filed (GCR 1963, 520.4).

5. JUDGMENTS — DEFAULT JUDGMENT — SETTING ASIDE DEFAULT.

A motion to set aside a default judgment is addressed to the discretion of the trial court and the decision will not be set aside on appeal absent a clear abuse of that discretion; the policy of the state is against setting aside defaults and default judgments that have been properly entered.

6. JUDGMENTS — DEFAULT — SETTING ASIDE DEFAULT — GOOD CAUSE — COURT RULES.

Good cause sufficient to justify setting aside a default includes (1) a substantial defect or irregularity in the proceedings upon which the default was based, (2) a reasonable excuse for failure to comply with the requirements which created the default, or (3) some other reason showing that manifest injustice would result from permitting the default to stand (GCR 1963, 520.4).

*Moll, Desenberg, Bayer & Behrendt* (by *Morris S. Friedman),* for plaintiff.

*Stephen M. Wittenberg, P.C.* (by *David M. Bakken),* for defendant.

Before: V. J. BRENNAN, P.J., and WAHLS and M. E. DODGE,* JJ.

V. J. BRENNAN, P.J. In this case, the defendant appeals as of right from the trial court's order denying defendant's motion to set aside a default judgment and the trial court's denial of defendant's motion for rehearing.

On December 4, 1981, a fire occurred at the premises located at 6111 Marcus in the City of Detroit, which was rental property owned by the plaintiff and insured by the defendant. A prompt claim was filed under the insurance policy issued by the defendant. The claim was investigated and was finally denied on April 8, 1982. Plaintiff com-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

menced suit against the defendant for breach of contract and bad faith. A summons and copy of the complaint were served on May 19, 1982, upon Sharon Smith, an employee of defendant. Plaintiff's process server executed an affidavit stating that, upon executing service of process on the defendant, he was received by a receptionist who stated that they have a "person designated to accept such service" and was directed to Sharon Smith to whom he gave a summons and a copy of the complaint. Defendant contends that Ms. Smith executed an affidavit stating that she is neither a director, trustee, or person in charge of an office of the defendant. However, defendant has not provided this Court with a copy of this affidavit. A summons and copy of the complaint were also sent by certified mail on June 1, 1982, to the office of the defendant.

A responsive pleading was not timely filed by the defendant and on July 2, 1982, plaintiff filed a motion for a default judgment. On July 12, 1982, the defendant filed an answer to the complaint and a motion to set aside the default and in opposition to the motion for default judgment. The trial court granted the plaintiff's motion for a default judgment. Thereafter, the trial court denied defendant's request to set aside the default judgment and entered default judgment for the plaintiff. Defendant's motion for rehearing was also denied by the trial court.

Defendant first claims that service of plaintiff's complaint was improper pursuant to GCR 1963, 105.4 and, therefore, entry of default judgment was improper.

GCR 1963, 105.4 states in pertinent part as follows:

"Service of process upon a corporation, whether domestic or foreign, may be made by

"(1) leaving a summons and a copy of the complaint with any officer or the resident agent, or

"(2) leaving a summons and a copy of the complaint with any director, trustee, or person in charge of any office or business establishment and sending a summons and copy of the complaint by registered mail, addressed to the principal office of the corporation * * *

\* \* \*

"In all cases in which an insurer is a defendant, service shall not be made by leaving a summons and a copy of the complaint with a resident agent; and in cases in which a defendant is a foreign insurer, 2 summonses and a copy of the complaint shall be delivered to or mailed to the office of the Commissioner of Insurance by registered mail."

Defendant argues that the trial court in the instant case was deprived of personal jurisdiction over defendant because of defective service of process. Defendant maintains that, although plaintiff complied with one requirement of GCR 1963, 105.4, sending a summons and copy of the complaint by certified mail addressed to defendant, plaintiff failed to personally serve a summons and copy of the complaint on a director, trustee, or person in charge of defendant's office. Defendant alleges that, as a result of service of process on a person not legally designated to accept such service, the legal documents were misfiled and there was a time lag in delivering the documents to the defendant's attorney.

On the other hand, plaintiff argues that defendant is estopped from asserting a defense of defective service of process because, by stating to plaintiff's process server that "we have a person designated to accept such service" and then directing the process server to Ms. Smith who took the papers from him, defendant caused plaintiff to

detrimentally rely on this transaction as constituting proper service.

Under *Continental Ins Co v B & B Educator Sales, Inc,* 34 Mich App 499; 192 NW2d 126 (1971), *lv den* 386 Mich 753 (1971), and *H & L Heating Co v Bryn Mawr Apartments of Ypsilanti, Inc,* 97 Mich App 496; 296 NW2d 354 (1980), GCR 1963, 105.4 must be complied with in order to properly effectuate service of process on a defendant. Furthermore, where that defendant is an insurance company, service of process on a resident agent will not satisfy the statutory requirement. Service of process must be made on a director, trustee, or person in charge of defendant's office. The purpose of this stricter requirement regarding an insurance company is, as with any provision concerning service of process, to insure that defendant has adequate notice and an opportunity to defend.

In *Wilson v California Wine Co,* 95 Mich 117; 54 NW 643 (1893), wherein plaintiff's process server was directed by an officer of defendant company to serve another individual, by stating that the individual was the person to be served with the summons, and this evidence was uncontradicted, the Michigan Supreme Court held that defendants were estopped from denying that service was proper under the circumstances.

In the present case, we find *Wilson, supra,* is applicable. Thus, we find that the defendant is estopped from raising the defense of improper service due to its representation to plaintiff's process server that valid service was accomplished by leaving the summons and copy of the complaint with its clerk, Sharon Smith. Plaintiff has presented sufficient evidence to sustain a conclusion that the defendant caused the plaintiff to detrimentally rely upon the validity of the service.

The defendant's next claim is that plaintiff's defective service of process of the summons and a copy of the complaint prevented the allegations in the complaint from serving as a basis for the entry of default judgment, and entry of default judgment was, therefore, improper. The defendant cites *Borg v Thomas,* 338 Mich 669; 62 NW2d 466 (1954).

In *Borg v Thomas, supra,* the Michigan Supreme Court stated that the test of whether the court files disclosed proper proof of service of process as a prerequisite to a default is the condition of the file on the date of default, notwithstanding the fact that service may have actually or lawfully been made. Defendant argues that, since on the date of default in the case at bar the file did not indicate that service of process had been made on a legally designated person pursuant to GCR 1963, 105.4, the proof of service is insufficient to serve as a prerequisite to the entry of a default judgment.

Even if this Court were to find that service of process was defective in the instant case, the defendant's argument is without merit. In *Thomas v Thomas,* 81 Mich App 499; 265 NW2d 390 (1978), the Court of Appeals held that the statute on which the decision in *Borg, supra,* was based had been repealed and GCR 1963, 520 did not require proof of service as a prerequisite to the entry of a valid default judgment. The Court stated:

" 'Thus, default may now be entered without meeting a formal prerequisite of proof of service on the record. This does not mean, however, that a default may be validly entered when there has been no service of process upon the defendant either personally or by publication, as prescribed by Rules 105 and 106. The validity of the default and the default judgment must ultimately turn upon the fact of due service of process. If there is a motion to set aside the default or the

default judgment or if there is a collateral attack upon the default judgment, the facts constituting due service of process will have to be shown.' 2 Honigman & Hawkins, Michigan Court Rules Annotated (2d ed), p 657." *Thomas, supra,* p 501.

Under the present law, the proper basis for vacating the default judgment where service of process was defective is that the defective service deprived the trial court of personal jurisdiction over the defendant and the trial court was, therefore, without legal authority to render a judgment (by default or otherwise). In the present case, because we have found that defendant is estopped from raising the defense of improper service, we find the defendant's claim to be without merit.

The defendant's final claim is that the trial court abused its discretion in refusing to set aside the default judgment. Defendant contends that it showed good cause as to its reason for delay and that its affidavit of facts set forth a prima facie case of arson by the plaintiff and, thus, satisfied the requirements of GCR 1963, 520.4 for obtaining the setting aside of a default judgment.

The trial court may set aside a default judgment only if good cause is shown and an affidavit of facts showing a meritorious defense is filed. GCR 1963, 520.4. A motion to set aside a default judgment is addressed to the trial court's discretion and the exercise of that discretion will not be set aside on appeal unless there is a clear abuse of discretion. The policy of this state is against setting aside defaults and default judgments that have been properly entered. *Thomas v Jones,* 120 Mich App 191, 192; 327 NW2d 433 (1982).

In the instant case, the trial court found that, although the defendant might have a meritorious defense, the motion to set aside the default judg-

ment was denied on the basis that the defendant had not shown good cause for failure to make a timely response.

Quoting from 2 Honigman & Hawkins, Michigan Court Rules Annotated (2d ed), Authors' Comments, p 662, the Court of Appeals in *Badalow v Evenson,* 62 Mich App 750, 754; 233 NW2d 708 (1975), stated that good cause within the meaning of GCR 1963, 520.4 is:

" 'Good cause within the meaning of this provision would seem to include (1) substantial defect or irregularity in the proceedings upon which the default was based, (2) a reasonable excuse for failure to comply with the requirements which created the default, or (3) some other reason showing that manifest injustice would result from permitting the default to stand.' "

We find no abuse of the trial court's discretion. Although the trial court may have incorrectly found that the defendant had not established good cause for its delay, the facts in the affidavit supplied by the defendant were insufficient to establish a meritorious defense.

Affirmed.