872 F.2d 1030
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Michael Charles WARD, Plaintiff-Appellant,
v.
Thomas MINICK; Mr. Henes, Defendants-Appellees.
 No. 88-2070.
 United States Court of Appeals, Sixth Circuit.
 Feb. 27, 1989.
 
 Before KEITH, NATHANIEL R. JONES and RALPH B. GUY, Jr., Circuit Judges.
 
 ORDER
 
 1
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and appellant's brief, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Michael Charles Ward moves for counsel and appeals from the district court's order and subsequent judgment dismissing his civil rights suit filed under 42 U.S.C. Sec. 1983 as frivolous pursuant to 28 U.S.C. Sec. 1915(d). Ward claimed that his transfer from state to federal custody violated both Michigan extradition laws and his constitutional right to due process. The defendants are the Sheriff and Deputy Sheriff of Washtenaw County, Michigan. Ward sought monetary and injunctive relief.
 
 
 3
 The district court dismissed the complaint as frivolous because it was filed outside the applicable statute of limitations. Ward raises the same arguments on appeal. In addition, he requests that the court review his appeal en banc.
 
 
 4
 Upon consideration, we conclude that the district court correctly dismissed Ward's complaint as frivolous. Ward could prove no set of facts which would entitle him to relief. See Malone v. Colyer, 710 F.2d 258, 261 (6th Cir.1983).
 
 
 5
 Ward's claim was correctly denied because his suit was filed outside the applicable statute of limitations. The three year statute of limitations contained in Mich.Comp.Laws Sec. 600.5805(8) is the uniform limitations period to be applied to civil rights claims that arise in Michigan. See Carroll v. Wilkerson, 782 F.2d 44, 45 (6th Cir.) (per curiam), cert. denied, 479 U.S. 923 (1986). In this case, plaintiff's cause of action accrued as of the date of his transfer in 1981. He filed this suit in August 1987 which is beyond the allowable time period. Mich.Comp.Laws Sec. 600.5851 provides for tolling of the statute if the claim accrues while plaintiff is incarcerated. However, application of Michigan's tolling provision is inconsistent with federal policy considerations underlying Sec. 1983. Absent an equitable basis to do so, tolling Michigan's statute of limitations applicable to Sec. 1983 claims is not justified due to plaintiff's incarceration. See Higley v. Michigan Dep't of Corr., 835 F.2d 623 (6th Cir.1987).
 
 
 6
 Ward's argument that the limitations period should be tolled under either Mich.Comp.Laws Ann. Sec. 600.5855 or the doctrine of equitable estoppel is without merit. Mich.Comp.Laws Ann. Sec. 600.5855 provides that if a person who may be liable on a claim fraudulently conceals the existence of the claim or the identity of persons liable for it from the person entitled to sue, the claim may be brought within two years after the person either discovers or should have discovered the existence of the claim or the identity of the person liable for it. Ward has failed to allege affirmative acts of fraud or concealment. At most, the defendants failed to provide plaintiff with the details of his transfer. Ward did not allege that the defendants sought to conceal the existence of the claim or their identities from him. As such, he failed to establish that there was any fraud or concealment which would justify tolling the limitations period.
 
 
 7
 Nor has Ward established that the defendants should be equitably estopped from raising the bar of the statute of limitations. In order to estop defendants, Ward must establish 1) that there has been false representation or concealment of material fact, 2) coupled with an expectation that the other party will rely on this conduct, and 3) knowledge of the actual facts on the part of the representing or concealing party. See Lothian v. City of Detroit, 414 Mich. 160, 177, 324 N.W.2d 9, 18 (1982); Tucker v. Eaton, 426 Mich. 179, 188, 324 N.W.2d 827, 832 (1986) (per curiam). In Michigan, the doctrine has been narrowly construed. The Supreme Court has been reluctant to recognize an estoppel absent conduct clearly designed to induce a plaintiff from bringing an action within the period fixed by statute. Lothian, 414 Mich. at 177, 324 N.W.2d at 18. Here, Ward has not alleged any affirmative act of concealment or fraud that would warrant equitable estoppel. There is no allegation that the defendants sought to compromise Ward's claim, or averment that the limitations period was longer than it was. Ward did not allege that the defendants made any representations in order to discourage Ward from bringing this suit.
 
 
 8
 In summary, Ward has failed to allege facts which would toll the statute of limitations under either Mich.Comp.Laws Ann. Sec. 600.5855 or the doctrine of equitable estoppel. As a result, his claim could only have been brought within the three years following the transfer on May 12, 1981. Since he filed suit six years later, the district court correctly dismissed the suit as barred by the statute of limitations.
 
 
 9
 Finally, the district court correctly applied Higley to Ward's case because, absent manifest injustice, a reviewing court should apply the law as it exists at the time of its decision. See In re Castlebrook Properties, 781 F.2d 159, 161 (9th Cir.1986).
 
 
 10
 For these reasons, the motion for counsel and the request that the court review Ward's appeal en banc are hereby denied, and the district court's order is affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.