*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

KENNETH E. COLLINS and RENETTA COLLINS,

　　　　　Plaintiffs-Appellants,

v

ANDERSON FORK LIFT MAINTENANCE COMPANY, JD HI-LO TIRE COMPANIES, ANDERSON LIFT MATERIAL HANDLING COMPANY, FORKLIFT TIRES OF EAST MICHIGAN INC.,

　　　　　Defendants,

and

SUPERIOR TIRE & RUBBER CORPORATION,

　　　　　Defendant-Appellee.

UNPUBLISHED
February 17, 2026
2:07 PM

No. 372998
Wayne Circuit Court
LC No. 20-005488-NO

Before: BORRELLO, P.J., and MARIANI and TREBILCOCK, JJ.

PER CURIAM.

This case presents a question seemingly from a law school civil procedure final examination. Plaintiff attempted service on a corporation via certified mail despite the court rules requiring personal service on an authorized person to effectuate service. At issue is whether that attempt nonetheless demonstrated notice to defendant because an hourly employee signed for the certified mail, thus rendering dismissal for lack of service of process improper under MCR 2.105(K). The trial court answered no and granted summary disposition in defendant's favor. We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Kenneth Collins was injured in a forklift accident. He commenced this negligence action against the companies he contends were responsible for the forklift's repair and

-1-

maintenance.[1]  Plaintiff eventually amended his complaint to add defendant, Superior Tire & Rubber Corporation.  He sent a copy of the summons and complaint via certified mail to Superior Tire's Pennsylvania headquarters, for which an hourly employee signed.[2]

Superior Tire did not answer the complaint, so the trial court granted a motion for entry of default judgment.  Plaintiff then noticed writs of garnishment, prompting Superior Tire to move to reopen the case and set aside default and default judgment.  The trial court denied that motion.  On Superior Tire's appeal, this Court concluded the trial court erred in so doing "because Superior Tire was never properly served." *Collins v Anderson Fork Lift Maintenance Co*, unpublished per curiam opinion of the Court of Appeals, issued Dec 21, 2023 (Docket No. 363080), p 3.  More specifically, this Court held that plaintiff did not satisfy the service-of-process requirements for foreign corporations because he "failed to personally serve an officer or registered agent" or "a director, trustee, or person in charge of an office or business establishment of the corporation." *Id*., citing MCR 2.105(D)(1-2).  And because lack of service rendered the judgment void, this Court vacated the default and default judgment and remanded for further proceedings. *Id*. at 4.

Following remand, Superior Tire moved for summary disposition in lieu of filing an answer under MCR 2.116(C)(3) for failure to effectuate service before the expiration of the summons.  As part of its proofs, Superior Tire's CEO attested that "none of Superior Tire's directors, officers or the person in charge of its office ever received service of the Summons and Fourth Amended Complaint" and that it was not aware of the lawsuit until after default judgment and upon receipt of the writs of garnishment.  He also attested that the person who accepted the summons and complaint via certified mail, Thomas Westfall, was "an hourly driver in Superior Tire's maintenance department, not the company's registered office" and that Westfall was "not a director or person in charge of Superior Tire's office or business establishment."  Plaintiff responded, and as pertinent here, requested that the trial court order Superior Tire to produce Westfall for a deposition to probe his authority in accepting the summons and complaint.  The trial court denied that motion, and then granted Superior Tire's motion for summary disposition. Plaintiff appeals.

## II.  DISMISSAL FOR LACK OF SERVICE OF PROCESS

"[T]he provisions of the court rules related to service of process are intended to satisfy the due process requirement that a defendant be informed of an action by the best means available under the circumstances." *Lawrence M Clarke, Inc v Richco Const, Inc*, 489 Mich 265, 274; 803 NW2d 151 (2011) (quotation marks and citation omitted).  To effectuate service of process on a foreign corporation like Superior Tire, MCR 2.105(D), as applicable here, required plaintiff to:

---

[1] His wife, Renetta Collins, also brought a derivative claim.  For ease, we will use the singular "plaintiff" throughout this opinion.

[2] Pointing to a copy of the purported service letter filed by plaintiff in the trial court, defendant contends plaintiff did not send the operative complaint—the Fourth Amended Complaint— because it was not attached to the letter.  Plaintiff asserts that filing was a clerical error and that he included the Fourth Amended Complaint in the letter.  We need not address this factual dispute because it is not material for purposes of our resolution of the appeal.

"(1) serv[e] a summons and a copy of the complaint on an officer or the resident agent; [or] (2) serv[e] a summons and a copy of the complaint on a director, trustee, or person in charge of an office or business establishment of the corporation and send[] a summons and a copy of the complaint by registered mail, addressed to the principal office of the corporation[.]" See also *Bullington v Corbell*, 293 Mich App 549, 557; 809 NW2d 657 (2011) ("[T]he court rules require personal service on an officer, registered agent, director, trustee, or person in charge of an office or business establishment."). Plaintiff did not attempt either of these options and instead elected a method not contemplated by the court rules; as this Court previously held, plaintiff's mailing of the summons and complaint to Superior Tire did not comply with these requirements and thus "Superior Tire was never properly served. . . ." *Collins*, unpub op at 3. See also *Bullington*, 293 Mich App at 558 ("The court rules simply do not contemplate that a plaintiff may use certified mail as an initial form of service on corporate entities of any kind.").

Plaintiff does not—and cannot—dispute this. And being bound by the law-of-the-case doctrine, nor may we disturb this Court's prior resolution of that legal question. See *Rott v Rott*, 508 Mich 274, 286-287; 972 NW2d 789 (2021). Instead, plaintiff lays fault with the trial court's application of the notice provision set forth in MCR 2.105(K)(3): "An action shall not be dismissed for improper service of process unless the service failed to inform the defendant of the action within the time provided in these rules for service."

There are two components to plaintiff's notice argument. First, he claims the trial court erroneously denied him the opportunity to test Superior Tire's factual proofs demonstrating lack of service by not permitting him to depose the hourly worker who accepted the certified mailing: "What did Westfall do with the mailing after signing for it?" is the question he wants answered. He supports this contention with no caselaw or argument attempting to overcome the abuse-of-discretion review this Court gives to a trial court's discovery orders. See *Kilian v TCF Nat'l Bank*, 343 Mich App 621, 639; 997 NW2d 745 (2022). "A party may not simply announce its position and leave it to this Court to discover and rationalize the basis for the party's claim." *Badiee v Brighton Area Schools*, 265 Mich App 343, 357; 695 NW2d 521 (2005) (quotation marks and citations omitted). We thus deem this issue abandoned.

Second, plaintiff asserts his service error was merely a technical defect and thus MCR 2.105(K)(3) bars dismissal. On de novo review of the trial court's interpretation of the court rules and grant of summary disposition, see, e.g., *Glasker-Davis v Auvenshine*, 333 Mich App 222, 229; 964 NW2d 809 (2020), we disagree.

MCR 2.105(K)(3) "forgives errors in the manner or content of service or process [but] does not forgive a failure to serve process." *Holliday v Townley*, 189 Mich App 424, 426; 473 NW2d 733 (1991). Notice animates this rule's application: "[W]here notice of a pending suit is actually received within the requisite time frame, it matters not whether service of process was made in accordance with the prescribed rules." *Michigan Educ Ass'n v N Dearborn Heights Sch Dist*, 169 Mich App 39, 45; 425 NW2d 503 (1988). And here, no record evidence demonstrates "that any person with authority to act for defendant" received notice within the applicable period of plaintiff's complaint and summons. *Tucker v Eaton*, 426 Mich 179, 189; 393 NW2d 827 (1986). Because plaintiff failed to comply with the court rule's personal-service requirements, see, e.g., *Bullington*, 293 Mich App at 557, the trial court appropriately entered summary disposition in defendant's favor and then denied plaintiff's motion for reconsideration.

To resist this conclusion, plaintiff—citing several unpublished decisions from this Court—contends there remains a question of fact concerning notice because Westfall signed for the certified mail. This Court's decision in *Morden v Chrysler Corp*, unpublished per curiam opinion of the Court of Appeals, issued Jan 30, 1998 (Docket No. 198381), p 4, is an exemplar. In that case, an employee "informed the process server that he would 'find out' where the documents should go and that, after making a telephone call, [the employee] told the process server that he could accept the documents and send them to their proper location." *Id.* That was enough to render the defendant estopped from asserting improper service. *Id.* But here, plaintiff has not set forth any facts rebutting Superior Tire's demonstration of the lack of a material factual dispute concerning notice to Superior Tire or Westfall's authority to accept the summons and complaint sufficient to effectuate service.[3]

Rather than rise to the challenge of rebutting the evidence presented by defendant, plaintiff offered nothing more than conclusory speculation that Westfall took actions after affixing his name to the receipt of service form that provided sufficient notice of the complaint. That was not sufficient. Under binding Supreme Court caselaw, a party cannot rest on its allegations and must provide more than speculation to rebut the presentation of evidence sufficient to resolve a claim. See *Quinto v Cross & Peters Co*, 451 Mich 358, 362; 547 NW2d 314 (1996).S

We additionally note plaintiff makes a great deal of communications he had with Superior Tire's Director of HR/EHS in which plaintiff inquired about Superior Tire's possible responsibility for his injuries. But those occurred in May and August of 2020, months *before* he added Superior Tire as a defendant in December 2020 and thus outside the applicable period of plaintiff's complaint and summons. The same goes for plaintiff's attempts to reengage with Superior Tire's Director of HR/EHS in June and July 2021, several months after the summons's March 22, 2021 expiration.

In sum, plaintiff fails to present any law or facts demonstrating that the trial court erred in its reasoning.

III. CONCLUSION

For these reasons, we affirm the trial court's judgment.

/s/ Stephen L. Borrello
/s/ Philip P. Mariani
/s/ Christopher M. Trebilcock

---

[3] Because plaintiff's briefing here did not adequately articulate his entitlement-to-discovery argument, we thus leave for another day how a similar plaintiff could have developed evidence sufficient to withstand a motion for summary disposition.